### JOSEPH HAWKS *vs.* INHABITANTS OF NORTHAMPTON.

Hampshire. Sept. 15, 1874. — Jan. 6, 1875. WELLS & MORTON, JJ, absent.

A town is primarily liable, under the Gen. Sts. c. 44, for a defect in a highway occasioned by the careless, negligent or unskilful conduct of a street railway corporation, notwithstanding the St. of 1871, c. 381, § 21.

TORT under the Gen. Sts. c. 44, § 22, for a personal injury sustained by reason of an alleged defect in a highway in the defendant town.

At the trial in the Superior Court, before *Aldrich*, J., there was evidence that the plaintiff was driving on Main Street in Northampton, across a railway track constructed in the wrought and travelled part of said street by the Northampton and Williamsburg Street Railway Company, when one of the fore wheels of his wagon was caught by one end of a guard rail in the

track of the railway; that the wagon was suddenly stopped, the horses became detached, and the plaintiff was thrown from the wagon to the ground and injured. There was also evidence tending to show that the guard rail had become loosened from its original position and fastening more than twenty-four hours before the accident, and that the part of the rail with which the wheel came in contact projected upwards above the level of the main tracks. On this part of the case there was conflicting evidence.

The railway was constructed in conformity with the provisions of the charter of the company, unless the place of the guard rail constituted an exception. As part of such construction, the company placed at a curve in the railway a guard rail, some seventy feet in length, just inside the north main rail and between the two rails on which the cars ran, the purpose of which was to keep the cars on the track while passing the curve at this point. It was laid on, and fastened to, timbers underlying it in the road bed, in the same manner as were the rails which formed the main track.

The following questions of law arising at the trial were, by consent of parties, reported before verdict for the determination of this court:

" 1. If the guard rail was an unnecessary part of the track, or so improperly or insufficiently laid in the construction of the railway as to be a defect or want of repair, through which the plaintiff while travelling on the highway and using due care, received bodily injury, or damage to his property, was it a defect or want of repair in the highway for which the defendant is liable?

" 2. If the guard rail, loosened from its original position and fastenings, and projecting upwards at one end more than twenty-four hours before the accident, was a defect or want of repair through which the plaintiff while travelling on the highway and using due care, received bodily injury, or damage in his property, was it a defect or want of repair in the highway for which the lefendant is liable?

" If the defendant is liable on either or both grounds stated, the case is to stand for trial; if not liable upon either ground, the plaintiff is to become nonsuit."

*G. M. Stearns,* (*S. T. Spaulding,* with him,) for the plaintiff.
*C. Delano,* for the defendant.

COLT, J. It is for the jury to say whether a guard rail, which is not a necessary part of a street railway, or which is improperly or insufficiently laid, or which has been loosened from its original position and fastenings, is a defect within the meaning of the statute which imposes upon towns the duty of keeping its highways in repair. If found by them to be a defect which has existed for twenty-four hours, or of which the town has been duly notified, then the town is primarily liable for all injuries of which it is the sole cause.

This liability is imposed when, in the words of the statute, "other provision is not made therefor." Gen. Sts. *c.* 44, §§ 1, 22. It is contended that such provision is made in the Street Railway Act, requiring such corporations to keep in repair such portions of the street as are occupied by its tracks. St. 1871, *c.* 381, § 21. But it has been said by this court, in construing similar provisions in earlier laws concerning street railways, that a city is not thereby released from its obligation to repair, and that all the provisions of the statute imply that the city is primarily liable. *Lowell* v. *Proprietors of Locks & Canals,* 104 Mass. 18, 23. *Proprietors of Locks & Canals* v. *Lowell Horse Railroad,* 109 Mass. 221. The St. of 1871, *c.* 381, § 21, requires the corporation to repair the streets to the satisfaction of the proper officer of the city or town having charge of the streets and highways. Section 22 makes the corporation liable over to the city or town for any defect or want of repair in any part of the street occupied by its tracks for which a recovery has been had against the town or city. Section 26 gives to the city and town authorities the power to order a discontinuance of the use of the tracks whenever public safety and convenience require. At most, the act only gives to these corporations the right to use the highway in common with all other public travel, and implies, in its various provisions, that although the duty to repair is ultimately placed upon the corporation, yet it is subordinate to the original duty of the city or town to the public. A duty which the statute does not remove or change, except as it may be modified by the existence of a railway track legally authorized, properly constructed and properly maintained. The clause relied on by the defendant is a provision in-

tended to regulate the relations between the corporation and the city or town, by imposing upon the former the burden of certain partial repairs of the highway. The general control still remains with the latter, and with it the liability which has always existed for injuries occasioned by want of repair. In *Davis* v. *Leominster*, 1 Allen, 182, which was an action to recover for a defect in a highway where it was crossed by a steam road at grade, it was said, after much consideration, that " the general liability of a town to keep the way safe and convenient cannot be limited by implication, except to the extent to which the construction and operation of the railroad deprives the town of the power to discharge the duty imposed upon it by law." And the fact that an action may be brought directly against the railroad corporation, when the defect is attributable to its misconduct or negligence, does not affect the right to go against the town. *Gillett* v. *Western Railroad*, 8 Allen, 560. *Johnson* v. *Salem Turnpike*, 109 Mass. 522.

The defendant further insists that this action should have been brought against the railway company, and not against the town, because by the St. of 1871, § 21, the former is made expressly liable for any neglect or misconduct in the construction, management, and use of its tracks; and the case at bar falls within this description. The answer is, that it is enough to support this action, as we have seen, if the misconduct or negligence of the corporation in constructing or maintaining its track has created a defect in the highway. If the plaintiff has suffered from an accident occasioned by an authorized public work constructed and kept in repair with reasonable care and skill, then he may indeed be wholly without remedy. *Jones* v. *Waltham*, 4 Cush. 299. This case shows that there was conflicting evidence upon these points with reference to the guard rail complained of. And the jury, under proper instructions, might have found it to have been a defect for which the town is liable, or might have found otherwise. *Case to stand for trial.**

---

* A similar decision was made in Suffolk, March, 1875, in the case of

SAMUEL K. BAILEY *vs.* CITY OF BOSTON.

The alleged defect in the highway was the end of a grooved rail in the tracks of the Highland Street Railway, which projected an inch and a half

### AMOS SAWYER & another *vs.* YALE IRON WORKS.

Hampshire.    Sept. 22, 1874. — Jan. 6, 1875.    MORTON & ENDICOTT, JJ., absent.

When evidence offered to prove a fact is excluded by the presiding judge, and afterwards admitted only for the purpose of contradicting a witness who had previously been examined upon the subject, a bill of exceptions, which states that the evidence was offered and admitted for the purpose of proving the fact, may be disallowed as not conformable to the truth.

Where one series of requests for instructions, intermingling two subjects, is presented to the judge just before he charges the jury, a bill of exceptions to his rulings upon the whole series, which does not truly state the requests and rulings as to one of these subjects, may be wholly disallowed.

---

above the street, and against which the plaintiff's wagon struck and was overturned, and he was injured. It was admitted that the defendant had sufficient notice of the alleged defect. *Pitman*, J., ordered a verdict for the defendant, and the plaintiff alleged exceptions.

*J. D. Long*, for the plaintiff.

*C. F. Kittredge*, for the defendant.

BY THE COURT. A city or town is not exempted from liability for a defect in a highway, because it is caused by misconduct or negligence in the construction or repair of a street railway. *Hawks* v. *Northampton*, *ante*, 420.

*Exceptions sustained.*