*A. E. Pillsbury,* for the petitioner.
*C. A. Welch,* for the respondents.

———

### PATRICK SCANLAN *vs.* CITY OF BOSTON.

Suffolk.    Jan. 22. — Sept. 3, 1885.    FIELD, DEVENS, & COLBURN, JJ., absent.

After the location and construction of a railroad, a city laid out a highway across it at grade. The railroad had two lines of tracks eight feet apart. The company owning the railroad planked the entire crossing. A person was injured by a defect in that part of the planking which was between the two lines of tracks. *Held,* that, under the Pub. Sts. *c.* 112, § 124, it was the duty of the railroad company to keep at least so much of the crossing as was between the outer rails in repair; and that, under the Pub. Sts. *c.* 52, §§ 1, 18, an action for the injury could not be maintained against the city.

TORT for personal injuries occasioned to the plaintiff by an alleged defect in A Street in the defendant city. Trial in the Superior Court, before *Barker,* J., who ordered a verdict for the

defendant; and the plaintiff alleged exceptions. The facts appear in the opinion.

*J. A. Maxwell,* for the plaintiff.

*T. M. Babson,* for the defendant.

W. ALLEN, J. A highway in the defendant city crossed a railroad at grade. The railroad had two lines of tracks, the inner rails of which were eight feet apart, and the railroad company planked the whole space between eight inches outside of the outer rails. The plaintiff claimed that he was injured in consequence of the defective condition of the planking between the two tracks. The question is, whether a ruling that the defendant was not responsible for the condition of the planking was correct.

The defendant was bound to keep the highway in repair, and was responsible for defects in it where other provision was not made therefor. Pub. Sts. *c.* 52, §§ 1, 18. By the Pub. Sts. *c.* 112, § 124, "a railroad corporation, whose road is crossed by a highway or other way on a level therewith, shall at its own expense so guard or protect its rails by plank, timber, or otherwise as to secure a safe and easy passage across its road." So far as this provides for keeping the surface of the highway in repair by the railroad company, the defendant is not liable therefor. *Rouse* v. *Somerville,* 130 Mass. 361, and cases cited. The plaintiff contends that the provision applies only to pre-existing ways over which a railroad is located, and not to ways located over a railroad after its construction. We think it applies to both cases. As originally enacted, it was limited to the latter; the change since has been to make it more general, so as to include both. St. 1857, *c.* 287, §§ 4, 6. Gen. Sts. *c.* 63, §§ 57, 60. St. 1874, *c.* 372, §§ 91, 95. Pub. Sts. *c.* 112, §§ 124, 128.

The plaintiff further contends, that the statute does not apply to the space between the two lines of tracks; that the statute should be construed as requiring such guards and protection as will secure a safe and easy passage over each rail; and that a single plank on each side of each rail would meet the requirement. This construction is not only inconsistent with the language of the statute, but with any reasonable application of it to the subject matter.

The rails are required to be guarded, because they constitute the obstruction to be provided against; but they are to be so guarded as to make a safe and easy passage over the railroad. The effect of the construction contended for is obvious; it would limit the obligation and the right of the railroad company to a narrow space at the sides of each rail, and require the city or town to make the space between the rails to conform to this. The cross-ties and ballasting, which must be kept in repair by the railroad company, must constitute a considerable portion of the bed of the highway, and the impracticability of requiring alternate sections of the surface of a railroad track across a highway to be kept in repair by the municipality and the railroad company respectively is too obvious to need illustration.

The difficulty is no less in respect to a railroad consisting of several lines of tracks. The number of alternating sections would be increased, and their forms changed, where different tracks converge, as may often happen near stations. If the superstructure of the railroad and the surface of the highway, where they are the same, should be divided into sections to be kept in repair by different authorities independent of each other, the safety of passengers upon the railroad and the highway would not be promoted, and the practical remedy of a person injured would be seriously impaired; he would have to mark out upon the land the sections allotted to municipal and railroad authorities, and locate in one or the other the defect which caused his injury.

Without deciding that the railroad company is to keep the whole of the highway within its location in repair, or that, under all circumstances, the obligation would extend to the whole of the space between separate tracks upon the same location, we think that, in this case, there can be no question of the obligation of the railroad company to keep both of the lines of tracks, and the space between them, in repair. The distance between the tracks from rail to rail was about eight feet; the distance between the ends of the ties is not stated, but must have been considerably less. The railroad corporation adopted a proper method of guarding the rails, by planking uniformly the whole crossing. In planking the whole space between the rails and tracks, the company did no more than was needful so to

protect and guard its rails by plank as to secure a safe and easy passage across its road, and the obligation to keep the planking in repair was upon it.    The ruling of the court was correct.

*Exceptions overruled.*