CHARLES NOYES *vs.* INHABITANTS OF GARDNER.

Worcester. October 4, 1888. — October 19, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Personal Injuries — Defect in Highway within Railroad Location at a Grade Crossing — Notice.*

At the trial of an action against a town for an injury caused by a rotten plank in a sidewalk, there was evidence that the sidewalk was on a principal street and was largely used; that it had been for some time in very poor condition, several of the planks composing it being rotten and decayed; and that one of the selectmen of the town passed over it daily. *Held*, that there was evidence of a defect, of which the town had or might have had reasonable notice, and which it could have remedied by the exercise of proper care.

The highway crossed a railroad, consisting of a single track, at grade, and the defective place in the sidewalk was within the line of the railroad location, but several feet from the track. *Held*, that the town was liable for the defect, if it could have remedied it without interfering with the rights or duties of the railroad corporation.

TORT for personal injuries received by reason of an alleged defect upon a sidewalk on Central Street in Gardner, consisting of a rotten plank. Trial in the Superior Court, before *Dewey*, J., who allowed a bill of exceptions, which, so far as material, was as follows.

There was evidence tending to show that Central Street was the principal thoroughfare between Gardner and West Gardner, and was used by a great many people; that, as the plaintiff was walking with a companion along Central Street, his companion stepped on a rotten plank, and, as it gave way, tilted one end of it, against which the plaintiff tripped and fell, receiving the injuries; that the condition of the sidewalk at that point had been very bad; that one of the selectmen was in the habit of passing over the sidewalk at the place in question in going to and from his work; and that neither the selectman, nor an agent of the town employed to prosecute and defend all actions brought by and against it, had any knowledge of the rotten plank or of any other defect in the sidewalk, and had never noticed its condition until after the accident, and that no defect had been called to their attention by any one. There was also evidence that the Fitchburg Railroad, consisting at this place of a single track, crossed Central Street at grade; that the defective portion of the sidewalk was within the limits of its location, and at a distance of eighteen feet from the nearer rail; and that the sidewalk at this point ran along the edge of the platform of the railroad station, which was raised slightly above it, and was the only approach to the station from that side of the track.

The defendant asked the judge to rule, that, as matter of law, the action could not be maintained upon this evidence. The judge refused so to rule, and gave instructions to the jury, not otherwise excepted to. The defendant contended that, if the place of the alleged defect and injury was within the located limits of the railroad, the town was not liable, and requested the judge so to rule. The judge refused so to rule, and instructed the jury as follows:

"I instruct you, if these facts be as claimed by the town, namely, in regard to the position of said alleged defect, as hereinbefore stated, the town would still be responsible for the condition of the highway, and for the defect and want of repair,

if there were such, unless the defendant town satisfies you, upon the evidence, that it could not remove or remedy such defect, or want of repair, by the exercise of reasonable care and diligence, without interfering with the authorized and legal construction, use, and operation by the said railroad company of its railroad, including its road bed and track, also the platform and station connected therewith, as described in the evidence.

" In deciding this question, you are to understand and bear in mind that, by a provision of law, at such grade crossings as are referred to in this case, it is made the right and duty of the railroad company, at its own expense, so to guard or protect the rails of its track, by plank, timber, or otherwise, as to secure for the public travelling on said highway a safe and easy passage across its road, and the rights and obligations of the town, in the premises, are subject to and qualified and limited by these rights and duties of the said railroad company as to the construction, maintenance, and use of its railroad and station and platform.

" And the town is not liable for said alleged defect and want of repair, if it could not have been remedied or removed by the use of reasonable care and diligence on the part of the town, and without any substantial interference with the rights and duties of the railroad company."

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*E. P. Pierce,* (*J. A. Stiles* with him,) for the defendant.

*J. Hopkins,* (*E. D. Howe* with him,) for the plaintiff.

DEVENS, J. If the injury for which the plaintiff sought to recover in this action, he being himself in the exercise of due care, occurred by reason of a defect in the way, or that part thereof which the town was obliged by law to repair, which defect might have been remedied, or which injury might have been prevented, by reasonable care and diligence on its part, the town is responsible in damages therefor, if it had reasonable notice of the defect, or might have had notice by the exercise of proper care and diligence.   Pub. Sts. c. 52, § 18.

It is quite clear that there was evidence to be submitted to the jury that the defect could have been remedied, and that the town had, or might have had, reasonable notice thereof.   The

defect consisted of a rotten plank in the sidewalk. There was testimony from several witnesses that this sidewalk was largely used, and was on one of the principal streets; that it led from Gardner to West Gardner, across a railroad track; that it was passed over daily by one of the selectmen; that it had been for some time in very bad condition; and that several of the planks composing it were rotten and decayed. Without enlarging on the evidence or attempting fully to restate it, it was sufficient to permit the jury to infer that the proper officers of the town knew, or with reasonable diligence might have known, the condition of the way. The public character of the way, the nature of the defect therein, the time which it had existed, all bore upon this question. *Hanscom* v. *Boston,* 141 Mass. 242. *Hinckley* v. *Somerset,* 145 Mass. 326. While no one, so far as the evidence shows, had previously noticed the rottenness of the individual plank, by the breaking of which the injury occurred, proper care and attention to the sidewalk would have revealed this, and a remedy could readily have been applied.

There was evidence that the place of the alleged defect and injury, although within the highway, was also within the located limits of the railroad, which crossed it at grade, and upon this fact the defendant requested a ruling that the town would not be responsible. Towns and cities are not obliged by law, within their boundaries, to keep highways in repair where other suitable provision is made therefor. Pub. Sts. c. 52, § 3. *White* v. *Quincy,* 97 Mass. 430. The defendant's contention is, that it was the duty of the railroad company to take care and provide at its own expense for this sidewalk, especially as it formed a part of the approach to its own passenger station and platform, and that the town was thus relieved of any duty in regard to its condition. By the Pub. Sts. c. 112, § 124, it is provided that "a railroad corporation, whose road is crossed by a highway or other way on a level therewith, shall at its own expense so guard or protect its rails by plank, timber, or otherwise as to secure a safe and easy passage across its road." Subsequent alterations of the highway, or additional safeguards, may be ordered by the county commissioners, but this clause of the section is not here important, as no such orders were given in relation to the crossing in question. The obligation imposed

upon the railroad corporation is not to secure a safe and easy passage across its location, but across its road as the same is prepared for travel, including, of course, the sleepers or other foundation upon which its rails are laid. Where the road consists of more than one track, these tracks, if placed near to each other, together form its road, and the space which intervenes between the tracks, as well as that between the lines of rail, is to be guarded and protected by it, as it constitutes a part of its road as the same is prepared for travel. *Scanlan* v. *Boston*, 140 Mass. 84. There is no provision that the railroad corporation shall maintain the highway within its location for ordinary travel where its railroad crosses the highway on a level, except that which is found in the provision above quoted. The character of this provision indicates clearly that it is intended to be confined to the railroad as constructed, used, and travelled, and not to the location. The liability of a town to keep its highways safe and convenient cannot be limited by implication, except to the extent to which the special obligation imposed by statute upon the railroad corporation, or the construction or operation of the railroad, deprives the town of the power to discharge the general statutory duty to which it is subjected. *Jones* v. *Waltham*, 4 Cush. 299. *Davis* v. *Leominster*, 1 Allen, 182. *Johnson* v. *Salem Turnpike*, 109 Mass. 522. *Pollard* v. *Woburn*, 104 Mass. 84. *Hawks* v. *Northampton*, 116 Mass. 420. *Old Colony Railroad* v. *Fall River*, ante, p. 455.

The town was therefore responsible for the defect in the highway, of which it had, or might have had, reasonable notice, if it could have been remedied by the exercise of reasonable care and diligence, without interfering with the construction or operation of the railroad; and as the crossing was at grade, and the railroad corporation was required by law to guard and protect its rails so as to secure to the public a safe and easy passage across its road, the general duty of the town was limited and qualified by that imposed on the railroad corporation. The town would not therefore have been responsible if the defect could not have been remedied without interference with the rights or the duties of the railroad corporation. To this effect were the instructions given by the presiding judge, and the defendant has no just ground of complaint of them.　　　　　*Exceptions overruled.*