ARTHUR E. LAWRENCE *vs.* CITY OF NEW BEDFORD.

Bristol.    October 24, 1893. — November 29, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Personal Injuries — Defective Highway — Street Railway — Instructions.*

In an action against a city for personal injuries occasioned to the plaintiff, while driving a pair of horses attached to a coach, by reason of one of the wheels of the coach being caught in a hole between the paving stones forming the bed of a street railway track and one of the rails thereof, and the plaintiff being thrown from the coach, the judge instructed the jury, in substance, that the existence of a legally operated street railway in the road where the accident happened did not affect the responsibility of the city for any defective condition of the road "which the city by proper care could have remedied without interfering with the lawful and proper operation of the railroad," and gave an illustration which tended to show his meaning; and further instructed them that the city was not responsible for any injury caused by the lawful and proper construction, operation, and maintenance of the railroad; that the city was responsible for a defective condition which had grown up in the street, if it could remedy or cure it " without unlawfully interfering with the lawful and proper operation of the railroad"; and that the plaintiff must satisfy them that the street at the place in question was defective, and that the defect was such that the city could have remedied it " without unlawfully interfering with the operation of the railroad." *Held,* that the plaintiff had no ground of exception.

TORT, for personal injuries occasioned to the plaintiff by an alleged defect in a highway in the defendant city. Trial in the Superior Court, before *Dewey*, J., who allowed a bill of exceptions, in substance as follows.

There was evidence tending to prove that the plaintiff was driving a pair of horses attached to a stage-coach on Kempton Street in the defendant city, going west and using due care, with the nigh wheels of the coach just inside the north rail of a street-car track, when the front nigh wheel caught in a hole between the paving stones forming the bed of the track and the north rail thereof, and the coach was thus suddenly arrested in its progress, and the plaintiff was thrown out and injured; that due notice of the time, place, and cause of the injury was given to the city; that the track between the rails was paved with stones, and the hole was caused by a depression in the paved surface which began at a point about six inches inside the north rail and tapered down towards the rail, and was about three inches wide at the bottom and about six inches deep; that the hole had existed some time before the accident, but there was no evidence as to how long before; and that a rail was torn up by the stage being caught by its wheel in the hole, and the horses broke away from the stage and ran.

The plaintiff testified that he was driving about eight miles an hour over his regular stage route; that he passed over this place always once and generally twice a day; that on the day of the accident he noticed nothing different from usual, and it was a bright, clear day, with nothing to prevent him from seeing any depression in the street; that he knew there were some depressions in the street which had existed for some time, but thought they were one hundred feet away from the place complained of; that when he was thrown out he was not looking at the street, but was looking straight ahead and paying attention to his horses to see that they did not hit a tree or pole, although on so bright a day there was not much danger of that; that the depression in the street complained of as the cause of the accident was large enough to take notice of, but that he thought he had driven over all the depressions there were, and so paid no more attention to them; that the tire of his wheel extended on either side beyond the felloe a distance

of one eighth to one quarter of an inch; and that the wheel tore up the rail.

The foregoing was all the material evidence in the case, no evidence being offered by the defendant.

The judge instructed the jury, among other things, as follows: "Now I shall have something to say as to the responsibility of a city with regard to its streets presently, but I may as well say here that I understand that the fact that there was this duly legally operated street railway in this road does not affect the responsibility of the city for any defective condition in that road, which the city by proper care could have remedied without interfering with the lawful and proper operation of the railroad. For instance, suppose that a man turning a crossing in the street here has his horse step upon the iron track of the street railway properly laid, and the horse slips and falls, and it is claimed that that iron laid there in the street made it defective and unsafe, and it is conceded that if it had been put there by a private person without authority it would have made the street defective, nevertheless in the case supposed the city would not be liable, because we assume that the corporation had the right to lay a suitable iron track in the city; and the city is not responsible for what the railroad corporation carefully and properly does in the exercise of rights and powers conferred by law, is not responsible for any injury caused by the lawful and proper construction, operation, and maintenance of the railroad. But if there grows up in the street a defective condition, the city is responsible with reference to that defective condition, if it could remedy it or cure it without unlawfully interfering with the lawful and proper operation of the railroad. . . . Now the second main thing he [the plaintiff] is called upon to satisfy you about is, that this road was defective; that is, that at this place it was not reasonably safe and convenient for travel, and that the defect was of such a nature that the city could have corrected it without unlawfully interfering with the operation of the railroad."

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*W. C. Parker*, for the plaintiff.

*W. Clifford*, for the defendant.

KNOWLTON, J. The only argument addressed to us in behalf of the plaintiff is a criticism of the charge of the presiding justice. We are of opinion that the jury could not have misunderstood the charge. It was, in substance, that where a street railway corporation has been lawfully authorized to construct and operate a railroad through the streets of a city, the existence of its tracks properly constructed, and the proper operation of its road, cannot be a defect in the streets for which the city is liable, even though they render the streets dangerous; and that, with this exception, the existence of a street railway does not affect the liability of a city for any defective condition of the street. The single expression in the charge stating the liability to be for defects " which the city by proper care could have remedied without interfering with the lawful and proper operation of the railroad," might have left the jury in doubt whether the city had a right to interfere with the regular running of cars if a defect could not otherwise be remedied; but, in referring to the same subject in two other parts of the charge, the expression was, " without unlawfully interfering with the operation of the railroad." An illustration was also given which tended to show his meaning, and we are of opinion that, taking the whole charge together, the jury must have understood the law correctly.                *Exceptions overruled.*