# THE DISTRICT OF COLUMBIA

*v.*

# SULLIVAN.

STREETS AND HIGHWAYS; MUNICIPALITIES; NEGLIGENCE; PROXIMATE AND REMOTE CAUSE.

1. The District of Columbia as a municipal corporation and the Commissioners of the District representing the corporation have the care and charge of, and the exclusive jurisdiction over, all the public roads and bridges outside the limits of Washington and Georgetown, as well as the care and control of the streets and avenues of the city; and the corporation is liable for injuries to persons arising from the negligence of its officers and agents in constructing and maintaining in safe condition for the use of the public, the streets, avenues, alleys, public roads, bridges and all public sidewalks of the city and the District.

2. A municipality may be liable in the first instance for a defect in its streets or highways caused by the negligence of a street railway corporation occupying an undue and unnecessary portion of the way.

3. Where a person in the exercise of reasonable care is struck and injured by the car of an electric railroad company (the tracks of which were located under the direction and supervision of the District of Columbia), while walking on a sidewalk, negligently laid after the road was in operation in such close proximity to the track that cars running thereon projected one or two feet over and upon the sidewalk at the point where the accident occurred, the negligence of the District can not properly be said to be a remote and not the proximate cause of the injury, and the District is primarily liable.

No. 684. Submitted October 13, 1897. Decided December 8, 1897.

HEARING on an appeal by the District of Columbia from

a judgment on verdict in an action to recover damages for personal injuries. *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. S. T. Thomas,* Attorney for the District of Columbia, and *Mr. A. B. Duvall,* Assistant Attorney, for the appellant:

1. The location of the sidewalk was not the proximate cause of appellee's injury; there was an immediate and efficient cause which intervened, over which appellant had no control. The proximate cause of the injury was either the appellant's negligence or his collision with the railroad car. The location and size of the board walk was not the cause of his misfortune; it was a mere condition. *Causa proxima non remota spectatur.* The situation of the board walk and the railroad tracks in question is identical with that on the streets of the city. These streets are concreted from curb to curb; the public is thus invited to use them. But the streets are occupied by railroad tracks. By what possibility could the appellant be held liable by a person using the streets for damage from being struck by passing cars? The curb of the sidewalks of the city are coterminous with the roadway; the hubs and swingletrees of wagons project over the sidewalks when wagons are driven, as they rightfully may be, close to the curb; is it possible that the appellant would be liable for damages to a person standing on the sidewalk or curb, who may be injured by these projections of a wagon driven close to the curb?

The rule of liability is laid down by the Supreme Court as follows: " When one of several successive causes is sufficient to produce the effect (for example, to cause a loss), the law will never regard an antecedent cause of that cause, or the *causa causans.*" Casual or unexpected causes are remote. *Insurance* v. *Transportation Co.,* 12 Wall. 199; *Scheffer* v. *Railroad Co.,* 105 U. S. 249; *Railway Co.* v. *Kellogg,* 94 U. S. 475; *Insurance Co.* v. *Tweed,* 7 Wall. 52; 16 Am. & Eng. Enc. Law 429, *et seq.* The injury to appellee was neither the

natural nor probable consequence of the construction of the board walk. No such injury as overtook him had ever occurred at this point.

A probable consequence is one that is more likely to follow its supposed cause than it is to fail to follow. The natural consequence of an act is the consequence which ordinarily follows from it—the result which may reasonably be anticipated from it. *Railroad* v. *Elliott*, 12 U. S. App. 381; *Lewis* v. *Railroad*, 54 Mich. 61. While the question of proximate cause generally is for the jury, nevertheless, where, as in this case, there are no disputed facts, it is for the court. The question should not have been submitted to the jury, and the court erred in submitting it. *Pike* v. *Railroad*, 39 Fed. Rep. 255; *Railroad* v. *Trich*, 117 Pa. St. 390; *Scheffer* v. *Railroad Co.*, 105 U. S. 249. An injury caused by negligence and an accident not being prevented by negligence are very distinct in operation and effect. There may be liability in the one case, but not in the other. *Beall* v. *Athens*, 81 Mich. 538. If it was negligence for the defendant to have laid the board walk so close to the railway as it did, and there was also negligence on the part of the plaintiff, and the negligence of each was the proximate cause of the injury, then no action can be maintained. *Trow* v. *Railroad Co.*, 24 Vt. 487.

2. The appellant was guilty of no breach of duty in the construction of the board walk; it was lawfully constructed as and where it was; there was no duty on the municipality to put it elsewhere or to make it wider.

*Mr. J. Coleman, Mr. Campbell Carrington* and *Mr. Irving Williamson* for the appellee:

1. It is the duty of the city to so construct its sidewalks that they will be reasonably safe against accident. *D. C.* v. *Boswell*, 6 App. D. C. 402; *D. C.* v. *Haller*, 4 App. D. C. 405; *D. C.* v. *Bolling*, 4 App. D. C. 397; *Gas Co.* v. *Poore*, 3 App. D. C. 127; *D. C.* v. *Woodbury*, 136 U. S. 450, 463.

2. The appellee had a right to assume that the sidewalk was so constructed as to permit him to walk with safety where he was walking at the time of the accident. *D. C.* v. *Haller*, 4 App. D. C. 405.

3. The injury to the appellee would not have happened but for the negligence of the appellant in so constructing its sidewalks that the cars of the railway company, when in motion, extended over and upon it. This was a result that the appellant could have anticipated and guarded against, and hence is liable to the appellee for any injury he may have sustained. The appellee has a right of action against either the railroad company or the appellant. *Insurance Co.* v. *Tweed*, 7 Wall. 44; *Railroad Co.* v. *Kellogg*, 94 U. S. 474; *Insurance Co.* v. *Boon*, 95 U. S. 117; *Railroad Co.* v. *Hickey*, 5 App. D. C. 436; Shearman & Redfield on Neg., Sec. 34; Patterson on Railroad Law, 39.

It is elementary law in such cases, that the person first in fault, is not released from liability by reason of the negligence of another. 16 Am. & Eng. Ency. L. 446; *Centerville* v. *Cook*, 129 Ill. 152; *Eaton* v. *Railroad Co.*, 11 Allen, 500; *Palmer* v. *Andover*, 2 Cush. 600; *Atkinson* v. *Railroad Co.*, 60 Wis. 141; *Small* v. *Railroad Co.*, 55 Iowa, 582; *Railroad Co.* v. *Frich*, 117 Pa. St. 390.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

This action is brought against the District of Columbia, a municipal corporation, to recover for personal injuries sustained by the plaintiff, caused, as it is alleged, by a defectively and negligently constructed sidewalk along a part of what is known as the Tenallytown road, one of the public roads or highways within the District of Columbia. It is alleged and shown in proof, that the plaintiff, while walking along the sidewalk about 9 o'clock in the evening of the 14th of August, 1896, was compelled to walk near the edge of the sidewalk next to the street railway track, on which were running certain electric motive cars, and while so passing on

the sidewalk he was struck by a passing car on the track and seriously injured. It is not denied that the street or road upon which the cars were running was and is one of the public roads or highways of the District of Columbia.

It is alleged in the declaration that the Georgetown and Tenallytown Railway Company, incorporated by an act of Congress which went into effect August 22, 1888, and amendment thereto, approved March 24, 1890, was permitted by said act of incorporation, by and with the consent of the defendant, duly had and obtained, to run and operate its line of railway along and in the highway or public street known as the Tenallytown road, and that said railway company, under the authority aforesaid, and with the consent of the defendant, made and operated their railway in the highway at the point where the accident occurred. That the railway company had constructed their railway, as aforesaid, and while they were running and operating the same, the defendant, acting through its Commissioners and officers, built and constructed a wooden sidewalk about three feet in width along and by the side of the track of said railway, and in such close proximity thereto that the cars of said company, while being run on said railway, projected over and upon the sidewalk for a distance of from one to two feet at the place where the accident happened. That the plaintiff, while passing along and over the sidewalk, and while in the exercise of due and proper care and caution, was run into, upon and against by the cars of the said Georgetown and Tenallytown Railway Company, while running at rapid speed; by means whereof the plaintiff was thrown down upon the sidewalk, etc., whereby he sustained serious injuries.

By the act of Congress incorporating the Georgetown and Tenallytown Railway Co., the company was clothed "with authority to construct and lay down a single or double-track railway, with necessary switches, turnouts and other mechanical devices for operating the same by cable or

electrical power, for carrying passengers in the District of Columbia, from the Potomac river near High street, to and along High street in Georgetown to the Tenallytown road, but *wholly outside of the limits of said road,* and along the side of the said road to the District line. . . . Said railway shall be constructed of good materials and in a substantial manner with rails of the most approved pattern, the guage to correspond with that of other city railroads;" *all to be approved* by the Commissioners of the District of Columbia. By the amendatory act of Congress of March 24, 1890, it was provided that the act incorporating the Georgetown and Tenallytown Railway Company should be amended by substituting after the words "and along High street in Georgetown, to the Tenallytown road," the words *"and thence along and in said road,"* for the words "but wholly outside of the limits of said road and along the side of said road;" provided that the inner line of rails shall be at the *minimum* distance of eight feet from the centre of the improved roadway; and further, that said railway shall be located on such side of the roadway as may be indicated by the Commissioners of the District of Columbia.

It is alleged and shown in proof that the railway track was laid, and the road was in operation, *before* the sidewalk was constructed; and we must assume that the railway was laid and constructed in accordance with the authority derived from Congress and the approval of the Commissioners of the District of Columbia. There is no evidence in the case to show the contrary. It is shown that the sidewalk, constructed after the railroad was made and in operation, was from three to four feet wide, and that, at the place where the accident occurred, the side of the car, or the running board thereof, projected over the edge of the sidewalk some five and three-fourths inches. There is no dispute as to the fact that the plaintiff was struck by the projecting part of the car over the edge of the sidewalk, and was injured thereby.

On the part of the plaintiff it is contended that the accident was attributable to the negligence of the defendant by its officers and agents, in constructing the sidewalk so near to the railroad track as to render passage on the sidewalk dangerous to those who did not know and have in mind the exact relation or distance between the running cars and the outer edge of the sidewalk. While on the part of the defendant it is contended that the principle of remote cause applies, and that, as the proximate cause of the accident was the act of the railway company in running against the plaintiff while passing on the sidewalk, and thereby causing the injury, the railway company, and not the defendant, is liable.

The material facts of the case are but few, and admit of little or no dispute. The court instructed the jury very fully as to the principles of law applicable to the case, and we perceive no error of which the appellant can complain. In the two prayers for instruction granted on request of the plaintiff, and the third of the defendant's prayers, which was granted, the whole law of the case seems to have been fully embraced.

In the one of the two instructions asked by the plaintiff, the jury were directed that if they should find that the sidewalk, at the point where the accident occurred, was constructed at so great a distance from the railroad track that the cars running on said track would not strike a person walking on said sidewalk, then the verdict should be for the defendant; but if they should find from the evidence that the sidewalk was built so near the railroad track at the point where the accident occurred that the cars passing on said track would strike a person walking on the edge of said sidewalk next to the track, and that the plaintiff was struck by a car so passing at the point in question while he was walking on the sidewalk, then it was a question for the jury whether the construction of the sidewalk in such proximity to said track was reasonably safe con-

struction, and if they should find it was reasonably safe, then there was no negligence on the part of the defendant, and the verdict should be for it; but if they should find that such last supposed construction existed and was not reasonably safe, and that the plaintiff was injured by reason of such unsafe construction *while he was in the exercise of reasonable care, then the verdict should be for the plaintiff.* And by the other instruction granted on the request of the plaintiff the jury were directed that if they found for the plaintiff, they should award him such sum of money as damages as would fairly and reasonably compensate him for such physical and mental suffering and loss of time, if any, as might be found resulted to him in consequence of the injury occasioned by the accident.

The counsel for the defendant offered several prayers, some of which were refused and others were granted; and by those granted the jury were instructed that if they believed from the evidence that the sidewalk, where the injury occurred, was of sufficient width to allow pedestrians to safely travel along the same, and that the plaintiff's injuries occurred by reason of his undertaking to pass between policeman Smith, who was standing on the sidewalk, on the edge thereof next to the railway tracks, when the car was approaching, and was near Shoemaker's store, and that plaintiff knew or could by the use of reasonable care and observation have known that it was dangerous for him to attempt to pass between said Smith and the passing car, and that such deviation on his part was not made necessary by reason of any defect or obstruction in said sidewalk, then the plaintiff was guilty of negligence, and can not recover damages, and the verdict should be for the defendant. And the jury were further instructed at the instance of the defendant that if they believed from the evidence that the plaintiff, by the exercise of reasonable care and caution, could have avoided the accident, then he was guilty of negligence and could not recover in this action, although

the jury might believe from the evidence that the defendant was negligent in building the sidewalk so near the tracks of the railroad company as that the running boards of the summer cars of the railroad company projected over the edge of the sidewalk.

It thus appears that the jury were fully and fairly instructed as to all the principles involved in the case. And it was plainly made a condition of the plaintiff's right to recover, that the jury should be satisfied from the evidence that he was in the exercise of reasonable care and caution at the time when the accident occurred.

The District of Columbia as a municipal corporation, and the Commissioners of the District representing that corporation, have the care and charge of, and the exclusive jurisdiction over, all the public roads and bridges outside the limits of Washington and Georgetown, as well as the care and control of the streets and avenues of the city. Secs. 246, 247, Rev. Stats., D. C.

And it is held by express and repeated decisions of the Supreme Court of the United States, that the municipal corporation of this District is liable for injuries to persons arising from the negligence of its officers and agents in constructing and maintaining in safe condition, for the use of the public, the streets, avenues, alleys, public roads and bridges, and all public sidewalks of the city of Washington and of the District of Columbia. *Barnes* v. *District of Columbia,* 91 U. S. 540; *District of Columbia* v. *Woodbury,* 136 U. S. 450.

This principle is not denied by the defendant, but it is contended that the real cause of the injury complained of is too remote to render the defendant liable therefor; that the immediate and direct cause of the injury was the striking of the plaintiff by the car of the railroad company, and if there be any liability for the injury it should be sought against that company. But this contention can not be sustained. With equal propriety could such contention have been made and sustained in the Barnes case, where the rail-

road company, in making a change in the grade of oneof the streets of the city, left open a deep pit or excavation, into which the plaintiff, in that case, fell and was injured; or in the Woodbury case, where the hotel company, or the contractors for putting in the boiler, opened and left open the hole in the sidewalk, into which the plaintiff, in that case, fell and was injured. Whatever may have been the liability of the railroad company, in the one case, or the hotel company, or the contractors, in the other, no contention or suggestion was made that the District of Columbia was not liable to the plaintiffs in those cases. The injuries in those cases were sustained, as in this case, by reason of defects in the street and sidewalk, that the municipal authorities were bound to prevent for the safety of the public. It is well settled that where a railroad corporation, in exercising the power conferred upon it by statute, or by municipal authority, to cut through and alter a street or highway, creates a dangerous defect or obstruction in the way, as in the Barnes case, the municipality is *primarily* liable for injuries caused to a traveller thereby. In such case, the question is whether the municipality has the right and power to interfere so as to prevent what is being negligently done; and if it has not such right and power, it is not liable. *Currier* v. *Lowell*, 16 Pick. 170; *State* v. *Gorham*, 37 Me. 451; *Willard* v. *Newbury*, 22 Vt. 458. And it has been repeatedly decided that a municipality may be liable in the first instance for a defect in its streets or highways caused by the negligence of a street railroad corporation occupying an undue and unnecessary portion of the way. *Prentiss* v. *Boston*, 112 Mass. 43; *Hawks* v. *Northampton*, 116 Mass. 420. In the present case, the Commissioners of the District were given express authority, by the acts of Congress, to supervise and direct the location of the electric. road within the limits of the highway or street, with a view to public convenience and safety, and they certainly had a right to prevent the use of running boards on the cars that would pro-

ject over the sidewalk to the peril of passengers, to say nothing of the defective construction of the sidewalk itself, erected after the railroad was located and in operation.

Finding no error in the rulings of the court, we must affirm the judgment appealed from; and it is so ordered.

*Judgment affirmed.*