KATE LEARY *vs.* BOSTON ELEVATED RAILWAY COMPANY
& another.

Suffolk.    November 12, 1901. — January 1, 1902.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

*Street Railway,* Duty as to repairing streets.

Pub. Sts. c. 113, § 32, requiring a street railway company to keep in repair
"the paving, upper planking, or other surface material of the portions of
streets" occupied by its tracks and, in case of unpaved streets, an additional
space of eighteen inches upon each side of its tracks, does not impose upon
the company the duty of filling an excavation made by another. It is only
when the excavation has been filled by the municipality, or other party respon-
sible for the safety of the street, to the plane where surface material is required,
that the duty of the railway company begins. Therefore, if a trench is dug
in an unpaved street within eighteen inches of the tracks of a street railway
company by a person acting under a permit from the city, for the purpose of
constructing a sewer in the street, the railway company is not charged with the
duty of keeping in repair any portion of the street within the lines of the trench
until it has been filled to a point where a surface is required, and in the mean-
time the duty of protecting travellers by guards or otherwise is upon the city.

TORT against the Boston Elevated Railway Company and one
Timothy Connolly for injuries caused by the plaintiff falling
into a trench in Bowdoin Street, in that part of Boston called
Dorchester, by reason of the alleged negligence of the defendant
railway company in leaving the trench in an unsafe and un-
guarded condition. Writ dated October 2, 1899.

In the Superior Court, the case was heard without a jury by
*Mason,* C. J., who found for the defendant corporation in the
manner stated in the opinion of the court.

*J. E. Crowley,* (*T. F. Hunt* with him,) for the plaintiff.

*E. P. Saltonstall,* for the railway company.

HAMMOND, J. There are two defendants in this case, the
Boston Elevated Railway Company and a person named Con-
nolly. The case came on for trial before the Chief Justice of
the Superior Court, sitting without a jury, for the purpose of
trying the question of the liability of the defendant first above
named. At the trial the plaintiff asked a ruling that as matter
of law "upon all the evidence the defendant corporation is

liable." This ruling was refused; the court found " no negligence on the part of the defendant corporation," and found for the defendant.

The bill of exceptions is loosely drawn, but we interpret it as stating that the plaintiff excepted to the refusal to give the ruling requested, and to the special finding as not warranted by the evidence. A short answer would seem to be that, as the record does not expressly purport to bring before us all the evidence material to the questions raised, we cannot say that there was any error.

The record, however, states certain facts, and the question which the plaintiff evidently desires to raise and which both parties have argued is whether as matter of law these facts necessarily show negligence on the part of the defendant corporation. It appears that the corporation owned and operated a street railway with tracks in the streets of the city of Boston, including the one where the accident occurred; that on or about August 25, 1899, an excavation had been made by some person, but not by the defendant corporation or with its authority or permission, in this street, adjacent to and within eighteen inches from the tracks; that on or about the said twenty-fifth day of August the plaintiff, being then in the exercise of due care, fell into the excavation within eighteen inches of the track, and was injured; and that the defendant had made no attempt to guard the excavation, which was of such depth and width as to be dangerous to public travel, and had existed for some time prior to the day of the accident.

Assuming in favor of the plaintiff that this was an unpaved street, the question is whether these facts are inconsistent with the special finding that the defendant was not negligent.

It involves an inquiry into the nature of the duty imposed upon the defendant corporation with reference to the repair of streets through which its tracks run.

In the early street railway charters it was specially provided that the companies should maintain and keep in repair such portions of the streets as should be occupied by their tracks. See among many others, Sts. 1853, c. 353, § 3; c. 383, § 3; 1854, c. 445, § 5; c. 434, § 5. As these companies became numerous, similar provisions were incorporated into general laws appli-

cable to them.   Sts. 1864, c. 229, § 18; 1866, c. 286, § 1; 1871, c. 381, § 21.   It is held that these statutes do not release the city or town from its statutory liability to the traveller, but simply make the railway company also liable to him, or answerable over to the city or town compelled to pay.   The municipality is still primarily liable, although the traveller may proceed against it or the railway corporation.   *Hawks* v. *Northampton,* 116 Mass. 420, and cases cited.   *Fowler* v. *Gardner,* 169 Mass. 505.   *Dobbins* v. *West End Street Railway,* 168 Mass. 556.

A radical change in the duty of street railway corporations as to the repair of highways was made, however, by St. 1881, c. 121, subsequently enacted in Pub. Sts. c. 113, § 32.   This last statute provides that such a corporation shall keep in repair, to the satisfaction of certain officers therein named, simply " the paving, upper planking or other surface materials " of the part of the street covered by its tracks, and, in the case of an unpaved street, an additional space of eighteen inches upon each side of its tracks.   The railway corporation is no longer required as formerly to keep in repair the whole of that part of the street covered by its tracks, but only the surface thereof.   This limited liability cannot be construed as imposing upon the corporation the duty of filling an excavation from the bottom.   It is only when the excavation has been so far filled by the municipality or other party upon whom rests the general responsibility for the safety of the street as to reach the plane where surface material is required that the duty of the railway company begins; and it is only when its duty begins that it can be held answerable for the condition of the street, and then only to the extent of that duty.

It is stated upon the brief of the defendant that this excavation was a trench, made so as to come within eighteen inches of the defendant's track by one Connolly, under a permit from the city of Boston, for the purpose of constructing a sewer in the street.   If so, then the opening was legally made and the defendant had no authority to close it; and while the trench was legally there the defendant was not charged with the duty of keeping in repair the portion of the street within the lines of the trench until it had been so far filled as to call upon the defendant to fix the surface.   Until that time arrived, there was no

surface to be cared for by the defendant, and the responsibility
for the condition of the street and the duty of protecting travel-
lers either by guards or otherwise were upon the city. As the
facts reported are not inconsistent with such a state of things,
the special finding is not shown to be wrong, and it follows that
no error is shown to have been made as to that or as to the
manner in which the court dealt with the ruling requested.

*Exceptions overruled.*