JOHN H. CAMMETT *vs.* CITY OF HAVERHILL.

Essex.  November 7, 1907. — January 1, 1908.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Way*, Defect in highway.

At the trial of an action against a city under R. L. c. 51, § 18, for personal injuries received by the plaintiff and alleged to have been caused by a defect in a highway, it appeared that the plaintiff was thrown from a wagon as he was driving diagonally across a street railway track in the highway because the tire of the forward left hand wheel of his wagon, which protruded beyond the felloe, caught under the edge of the flange of a rail at a point where the flange had been cut away to permit a grating to be placed between the tracks, and that the grating, with the surface of the street, then had sunk below the flange.  There was evidence that, if the grating and rail had remained as they were when the grating originally was placed, the accident could not have happened.  *Held*, that the defendant was liable if the jury found that the construction and condition of the highway were improper and unnecessary, either as to original construction or later condition, and that there was evidence from which the jury could make such a finding.

TORT for personal injuries alleged to have been received because of a defect in Merrimack Street, a public highway of the defendant. Writ in the Superior Court for the county of Essex dated September 28, 1903.

At the close of the evidence introduced at the trial, which was before *De Courcy*, J., the defendant requested the presiding judge to rule that on all the evidence the verdict should be for the defendant, and that there was no sufficient evidence of a condition amounting to a defect or want of repair in the public highway for which the defendant was liable. The requests were refused and the defendant excepted. The jury returned a verdict for the plaintiff.

The facts are stated in the opinion.

*E. S. Abbott*, for the defendant.

*H. J. Cole*, for the plaintiff.

KNOWLTON, C. J. The plaintiff was thrown from his wagon and injured while driving on a public street. There was evidence that he was in the exercise of due care. The first question in dispute is whether the condition of the street was such as to create a liability on the part of the city or the street railway company for an accident happening there. The street railway was constructed at this point with two tracks, laid with girder rails having a flange on the inside of the rail. Between the rails of the southerly track a grating was constructed, to carry off water into a catch basin. The flange was cut off from the rails for a distance of two feet, to let the grating into the rail, and in part to drain the rail. As the plaintiff was driving in a southwesterly direction diagonally across the southerly track, the left forward wheel of his wagon passed along near the line of junction between the grating and the southerly rail, and, as the tire projected a little beyond the sides of the felloe of the wheel, it became caught under the corner of the flange at the westerly end of the portion from which the flange had been cut off. The wheel was held there and the plaintiff was thrown out. It is difficult to understand, upon the evidence, how the wheel could have become caught.

Inasmuch as cities and towns are liable for accidents upon highways only when negligent in regard to the condition of the way, the mere fact that an accident happened, from a condition

which reasonable men in general would not consider unsafe, is not enough to create a liability. A plaintiff must show, in order to recover, not that an accident has happened which no one would have anticipated, but that there were conditions, such that the authorities, in the exercise of proper care, ought to have realized that there was danger of an accident, and to have taken precautions to prevent it. The testimony tends to show that, if the grating had been in the position in which it was originally placed, such an accident could not have happened, and that it had settled a little, so as to be below the bottom of the rail. We are of opinion that it was a question for the jury whether the condition of the grating and the rail rendered the street manifestly unsafe.

It is contended by the defendant that it is not legally responsible for the condition of the street in this particular, and that the street railway company alone should be held accountable for the consequences. The statute which gives a right to recover for accidents of this kind limits it to cases in which the dangerous condition might have been " remedied by reasonable care and diligence on the part of the county, city, town or person, by law obliged to repair the same." R. L. c. 51, § 18. " Highways, town ways, causeways and bridges shall, unless otherwise provided, be kept in repair at the expense of the city or town in which they are situated," etc. R. L. c. 51, § 1. When railroad corporations construct their tracks across highways and are required by law to keep that part of the way in repair, this provision leaves the city or town with no duty to keep that part of the way in repair, and of course the city or town is not liable for an accident that happens at such a place. *Scanlan* v. *Boston*, 140 Mass. 84. *Rouse* v. *Somerville*, 130 Mass. 361. *Wilson* v. *Boston*, 117 Mass. 509. *White* v. *Quincy*, 97 Mass. 430. But it has been held that the requirement of St. 1871, c. 381, § 21 (Pub. Sts. c. 113, § 32), that street railway companies shall keep in repair the paving, upper planking, or other surface material of the portions of the streets occupied by their tracks, does not relieve the city or town from its general duty to keep the street in repair. *Hawks* v. *Northampton*, 116 Mass. 420. *Fowler* v. *Gardner*, 169 Mass. 505. The following section gives a city or town, against which a recovery has been had for a de-

fect arising from the failure of a street railway company to do its duty in this respect, a right of action against the company. It is held that the statute puts upon the railway corporation the ultimate duty to repair, but that this "is subordinate to the original duty of the city or town to the · public." *Hawks* v. *Northampton*, 116 Mass. 420, 422. This statute was repealed by St. 1898, c. 578, §§ 11, 26, with a clause saving obligations imposed upon street railway companies in the original grants of locations. The restrictions as to laying and maintaining paving, imposed upon the predecessor of the street railway company which maintained this grating, seem, therefore, to be binding upon the company which succeeded to its rights and obligations. *Springfield* v. *Springfield Street Railway*, 182 Mass. 41. *Worcester* v. *Worcester Consolidated Street Railway*, 182 Mass. 49. But under the decisions in *Hawks* v. *Northampton* and *Fowler* v. *Gardner, ubi supra, Lawrence* v. *New Bedford*, 160 Mass. 227, and *Leary* v. *Boston Elevated Railway*, 180 Mass. 203, the defendant was liable to the public for the defective condition of the street, as well between the tracks of the street railway company as elsewhere. If the city could have shown that the construction and condition of the rail and grating at the place of the accident were proper and necessary to the operation of the railway, this would have been a defence. *Lawrence* v. *New Bedford, ubi supra.* But if they were improper and unnecessary, either as to original construction or later condition, the city is liable for the accident, even though it has a remedy against the railway company. See R. L. c. 112, § 45 ; St. 1906, c. 463, § 80.

*Exceptions overruled.*