THOMAS L. HARRIS *vs.* BOSTON AND MAINE RAILROAD.

Suffolk. March 8, 1912. — May 22, 1912.

Present: RUGG, C. J., BRALEY, SHELDON, & DeCOURCY, JJ.

*Railroad. Way*, Public: defect in highway. *Words*, "Traveller."

A railroad corporation, which under R. L. c. 111, § 129, is bound to keep in repair the portion of a public way crossed by its road at grade, is not liable under the highway act for injuries to a boy caused by his foot catching between one of the rails of the track and the planking at such a crossing when he was running a race with his companions, even if the edge of the planking next the rail was

so worn as to constitute a defect in the highway, because the boy in using the way simply as a playground was not a traveller within the meaning of the word as established by the decisions of this court.

TORT under R. L. c. 51, § 18, c. 111, § 129, by a boy, seven years of age when injured, for injuries sustained on October 25, 1901, at the grade crossing of the defendant's track with Railroad Street in the town of Wakefield, alleged to have been caused by a defect in the portion of the highway which the defendant was by law obliged to repair. Writ dated February 5, 1902.

In the Superior Court the case was tried before *Schofield,* J. The material facts are stated in the opinion. At the close of the evidence the judge ordered a verdict for the defendant; and the plaintiff alleged exceptions, which after the resignation of *Schofield,* J., were allowed by *Hardy,* J.

The case was submitted on briefs.

*S. K. Hamilton & T. Eaton,* for the plaintiff.

*A. R. Tisdale,* for the defendant.

DECOURCY, J. By statute there was imposed upon the defendant the duty of keeping in repair the portion of Railroad Street that was crossed by the railroad at grade. R. L. c. 111, § 129. *Scanlan* v. *Boston,* 140 Mass. 84. *Mack* v. *Boston & Albany Railroad,* 164 Mass. 393.

It being agreed that the defendant was operating a railroad across the street lawfully, its tracks, when properly constructed and maintained, cannot be a defect for which it is liable, even though they may be obstacles to travel. *Lawrence* v. *New Bedford,* 160 Mass. 227. *Fowler* v. *Gardner,* 169 Mass. 505. There was evidence that at the place of the accident the space between the rail and the planking was from two and a half to three inches, and that there was "a sort of cutting along the edge of the planking, a kind of slivering, as if the flange of a wheel might have slipped along and worn the planking off." This evidence, although slight, made it a question of fact for the jury to decide whether there was a defect in the way. *Gillett* v. *Western Railroad,* 8 Allen, 560.

The defendant, however, was not obliged to keep this portion of the way in repair, except for the purposes of travel; and the plaintiff was not a traveller within the established meaning of that word in the statute creating liability for defects in highways.

He was using the way simply as a playground and was racing in competition with his companions when his foot was caught between the rail and the planking. However we might decide if the question were an open one, the case is governed by *Blodgett* v. *Boston*, 8 Allen, 237, and *Tighe* v. *Lowell*, 119 Mass. 472; and the presiding judge rightly directed a verdict for the defendant.

*Exceptions overruled.*