TUNSTALL v. RICHMOND & D. R. CO. et al. (Circuit Court of Appeals, Fourth Circuit. November 3, 1897.) No. 194. In Error to the Circuit Court of the United States for the Western District of North Carolina. A. S. Barnard (W. A. Smith and T. H. Cobb on the brief), for plaintiff in error. George F. Bason and Charles Price, for defendants in error. Before FULLER, Circuit Justice, GOFF, Circuit Judge, and BRAWLEY, District Judge.

BRAWLEY, District Judge. This case was heard at the same term with Patton v. Railway Co., 82 Fed. 979, and is governed by the principles therein decided. The accident occurred at the same place where Patton was injured, and the attendant circumstances were substantially the same. This wreck was in 1890, and there was testimony of several accidents at the same place previous to that time. There was some testimony that the engineer of this train was reckless, and known to be so by the defendant company. To this

we attach no consequence, but, as the proof showed that there was no guard rail at the curve, and that there were other defects in the track, we are of opinion that there was sufficient testimony to go to the jury, and that there was error in granting the nonsuit. The judgment of the court below is reversed.

GOFF, Circuit Judge. For reasons stated in the opinion filed by me at the present term of the court, in the case of Patton v. Railway Co., supra, I dissent from the judgment entered by the court in this case. I think the cases there cited show conclusively that the court did not err in directing a nonsuit in this case. While it was shown that there was no guard rail at the point where the accident occurred, still there was no evidence that tended to prove that it would have been prevented had such a rail been placed at that point. On the contrary, there was positive evidence, and that of an expert, that a guard rail would not have prevented the accident. A careful examination of the testimony forces me to the conclusion that there was no evidence before the jury showing negligence on the part of the defendant, and I conclude that it would have been the duty of the court to set aside the verdict, had one been rendered in favor of the plaintiff. Therefore I hold that the action of the judge in directing a nonsuit was proper. In my opinion, the judgment of the court below should be affirmed.