### GLOUCESTER ELECTRIC CO. v. KANKAS.

(Circuit Court of Appeals, First Circuit. January 22, 1903.)

#### No. 459.

1. NEGLIGENCE—ACTION FOR INJURY BY ELECTRIC WIRE—EVIDENCE OF CONDITION AFTER INJURY.

In an action to recover for a personal injury to plaintiff caused by her hand coming in contact with an electric wire, the insulation of which was defective, it was shown that the wire was not broken from its supports by the strain put upon it at the time of the accident, and there was evidence which justified the inference that it was not materially stretched or changed in position. Held, that the testimony of a witness as to the height of the wire above the place on which plaintiff was walking, five or ten minutes after the injury, was competent as tending to show its position at the time of the injury, and as bearing upon the question whether it was so placed as to unreasonably and negligently expose people to danger.

In Error to Circuit Court of the United States for the District of Massachusetts.

John Lowell and James A. Lowell, for plaintiff in error.
William A. Pew, Jr., for defendant in error.

ALDRICH, District Judge. In this case the plaintiff was injured by coming in contact with an electric wire, which was used to conduct. a current of sufficient voltage to be dangerous. The wire entered a building over a roof or platform to which there was a door opening, and through which people sometimes passed. The wire was four or five feet above the platform, but its exact height was in controversy.

It is admitted that the insulation about the wire was badly defective, and that the wire had been suspended over this platform for something like twelve years. The question of the necessity of inspection, and the question whether the defendant was lacking in due care in not discovering the defective condition, were questions of fact for the jury, and we think there was sufficient evidence to entitle the plaintiff to go to the jury. So much as to the plaintiff's first assignment of error.

The remaining assignment relates to the admission of the statement of Preston O. Wass as to the situation of the wire five or ten minutes after the accident, who said it was within easy reach. The evidence of Wass did not relate to the condition of the wire,—in other words, to the question of improper insulatory covering which created the conditions that caused the injury,—but to the question of the situation or height of the wire; and that was material upon the question whether or not it was so situated as to unreasonably and carelessly expose the plaintiff to danger. Whether it was so situated that a woman's hand would fall upon it when dropped from her head, as the plaintiff testified, or within easy reach, as testified by Mr. Wass, is perhaps not very decisive on the question whether it was so situated as to unreasonably expose people to danger. However that may be, we think the evidence was competent.

The wire in question, as shown by the exhibit, was a one-eighth inch copper wire of firm consistency. It is a matter of common understanding that the strength of a wire of such size and consistency is sufficient to withstand the strain to which this wire was subjected without stretching. There is no evidence that the wire broke from its fastenings at the ends of the 90-foot stretch. Indeed, it is admitted that it did not. We think the trial court might have reasonably inferred, therefore, that the strain to which the wire was subjected would not have materially or substantially changed the situation, and that the evidence, therefore, might not only have been admitted, but considered by the jury. We make no question as to the general rule, which is well established, that, in order to make statements of the condition of the thing in question before or after the injury admissible as evidence, it must be shown to be in the same condition as it was at the time of the injury; and this rule plainly enough results from the fact that the situation or condition at the particular moment is the decisive question. The rule, however, is subject to many qualifications. Though the thing is slightly changed, evidence of its condition before and after, under certain restrictions, may be given as tending to show the condition at the exact time of the injury. It must not be remote, however, in respect to time, and the conditions must be substantially the same. In other words, if evidence is offered of the condition at a time before or after the accident, the circumstances must be such as to show that its then condition would have some bearing upon the question as to what the condition was at the time of the accident. Of course, if there was a substantial or radical change, it would not be competent. If the change was immaterial, or slight in respect to displacement or the situation, it would still have some tendency to show its condition when it caused the injury. The presiding judge must necessarily pass upon the question of remoteness, and the question of fact whether

the condition is the same, or substantially the same, as at the moment of the accident, or so near the condition as to have some tendency to show how it was then. The strain to which the wire was subjected may have made some slight change in the situation of the wire, but, under the circumstances described, not so substantial a change, in our opinion, as to render the evidence incompetent.

The only dispute in argument upon the exception in question was whether the wire was something like four or something like five feet high; and we think under the circumstances that the situation of the wire after the strain would be evidence for the jury, under proper explanations, upon the question of its condition at the time of the accident. Of course, to make evidence of a subsequent or prior condition admissible, the situation must be such as to justify the inference that the then condition was substantially the same as at the time of the accident. It is not an unusual thing in trials for the judge, acting upon an inference, at one stage of the trial to admit evidence, and at a subsequent stage of the trial, upon a situation which shows the inference to be not well founded, to withdraw the evidence from the jury, with instructions not to consider it. Another way of dealing with such evidence, not unfamiliar, where the question whether the conditions are substantially the same, involves a serious conflict upon the evidence, is to leave the evidence with the jury provisionally, under instructions that it is not evidence, and should not be considered unless the jury find the condition to be substantially the same as at the time of the injury.

In many cases it is impossible to show the exact condition at the exact time of the injury, as, for instance, where the person is killed. Under such circumstances, the question whether the condition at a subsequent time is the same is necessarily a matter of inference, and whether it is so nearly or so substantially the same as to have a tendency to show its condition at the time of the injury is also necessarily a matter of inference. A slight change or a slight displacement would not necessarily render the evidence incompetent, but the change would call for proper explanation by way of instructions to the jury.

The cases are numerous to the effect that if there has been no change, or if the change is slight or not of a substantial or material character, the evidence is admissible. In this view, it becomes largely a matter of discretion for the court to determine what evidence shall be admitted; and, as said in a note to 1 Greenl. Ev. § 14t, "it largely depends upon the thing, and the facts of each case must control, and precedents are of little value." In the case at bar the wire remained on its attachments. The thing was there in all substantial respects the same as before the pressure was put upon it; and the question, as has been said, would not be whether there had been any slight change, but whether the fair inference would be that the change had been so substantial as to render the evidence not of consequence upon the question of the condition at the precise moment of the injury.

In this case the presiding judge, acting upon the idea that there might have been some displacement, withdrew the evidence, and twice cautioned the jury distinctly and emphatically not to consider the evidence of the witness in question. With these views, we think the at-

titude of the circuit court sufficiently favorable to the plaintiff, and the exceptions are therefore overruled.

The judgment of the circuit court is affirmed, with costs for the defendant in error.