Railway Co. v. Groff.

THE KANSAS CITY ELEVATED RAILWAY COMPANY V.
NONA GROFF.

No. 15,291.   (95 Pac. 394.)

SYLLABUS BY THE COURT.

STREET-RAILWAYS — *Personal Injuries* — *Sufficiency of Evidence of Negligence.* Evidence tending to establish the following facts held sufficient for presentation to a jury to determine whether the injury referred to was occasioned by the negligence of the defendant, an electric railway company: The plaintiff was waiting for a car in a place commonly used for that purpose; as the car approached the trolley left the wire and flew up, striking and breaking the globe of an electric light, pieces of which fell upon plaintiff's wrist, causing the injury complained of; the rope by which the trolley-pole was controlled was not fastened to the car, as the rules of the company required, but was hanging loose; the trolley had previously left the wire at the same place, and the globe of the same lamp had at least twice before been broken by a trolley, but perhaps not in the same manner.

Error from Wyandotte court of common pleas; WILLIAM G. HOLT, judge. Opinion filed April 11, 1908. Affirmed.

*Miller, Buchan & Miller,* and *O. L. Miller,* for plaintiff in error.

*W. L. Wood,* and *Junius W. Jenkins,* for defendant in error.

The opinion of the court was delivered by

MASON, J.: Nona Groff recovered a judgment against the Kansas City Elevated Railway Company on account of personal injuries claimed by her to have been occasioned by its negligence. The defendant prosecutes error.

The case turns upon the question whether there was any evidence to support the verdict. Testimony was given tending to establish these facts: The defendant's road is operated by electricity, by means of an over-

head wire. The plaintiff was standing by the side of the track waiting for a car, at a place ordinarily used for that purpose. As the car she intended to take reached the spot the trolley left the wire and the pole flew up, striking and breaking the globe of an electric light. The broken pieces of glass fell and cut the plaintiff's wrist, causing the injury for which she asked damages. The light was about three feet above and seven and one-half feet to one side of the wire. The rope by which the trolley-pole was controlled was not fastened to the car, as the rules of the company required, but was hanging loose. The car at the time of the accident had just been switched from one to the other of two parallel tracks, the trolley of course passing from one main wire to the other by a wire connecting them and overhanging the cross-over track. Trolleys had previously jumped the wire at this point, and witnesses who testified to this also said that the globe of the same light had previously been broken by the trolley-pole more than once. There was also evidence that a few years before the globe had been broken, at a time when it was suspended only a foot and a half above the wire, by a careless handling of the pole while the trolley was being turned to reverse the direction of the car, but it was not affirmatively shown that this testimony referred to the same incidents.

In *Nelson v. Union Railroad Company*, 26 R. I. 251, 58 Atl. 780, the plaintiff brought an action against an electric railway company upon a very similar state of facts. At the conclusion of the plaintiff's evidence the trial court granted a non-suit. On review the plaintiff assigned as error the granting of the non-suit and the rejection of evidence that electric-light globes had previously been broken in the same manner at the same place and at other places. Both assignments were held to be well taken, although only the second was discussed in the opinion. The case is therefore an authority for the affirmance of the judgment here involved. Moreover, in an action brought against the

electric-light company for the same injury the supreme
court said:

"Even conceding that the slipping of the trolley-pole
from the wire was a pure accident, as argued, yet it
certainly cannot be said, as a matter of law at any rate,
that it was an accident for which no person was re-
sponsible; for the trolley-pole was a mechanical appli-
ance connected with the running of an electric car
which was being operated by the Union Railroad Com-
pany, an undoubtedly responsible person.

"If this trolley-pole had not slipped from the wire
the accident would not have happened. And as it was
*prima facie* negligence on the part of the street-railway
company in not keeping it on the wire where it be-
longed, or at any rate in not preventing it from coming
in contact with said electric-light globe, such negli-
gence, being the independent act of a responsible per-
son, and intervening between the negligence of the
defendant (if it was negligent in the premises) and the
happening of the accident, broke the causal connection
between the two, and hence became and was the proxi-
mate cause of the accident." (*Nelson v. Narragansett
Electric Lighting Co.*, 26 R. I. 258, 260.)

The facts testified to do not necessarily establish a
liability against the railroad company, but with the
inferences which may reasonably be drawn from them
they make a fair case for presentation to a jury to de-
termine the question whether any negligence of the
defendant was the proximate cause of the injury to
the plaintiff. The evidence on the subject is vague,
but it seems sufficient to justify the belief that the
globe of the same light had previously been broken in
the same manner. That at the time of such earlier
breakage the light was a little nearer the wire cannot
be very important, for the trolley-pole when swinging
free could as readily reach it in one position as in the
other. The trolley was abundantly shown to have re-
peatedly left the wire at this place, and if unrestrained
it was manifestly likely to break any globe within the
length of the pole, the probability of such occurrence
depending somewhat upon the distance of the light

from the wire laterally. True, this distance in the present case was considerable—seven and a half feet. But even this distance cannot be said, as a matter of law, to be so great as to excuse the railroad company from anticipating that a loose trolley-pole might reach the light. Certainly if the lamp had been but a foot or two to one side of the wire the fact would not have had this effect, and just what position could be regarded as insuring safety was a matter for the jury to determine. If the accident was one that could reasonably have been anticipated the jury were warranted in finding that the defendant was negligent in not taking effective measures to prevent it, either by causing the rope to be tied to the car or in some other manner.

In defense the company produced a witness who testified that the injury was the fault of a prospective passenger who attempted to climb upon the car before the gates were opened, and, losing his balance, grasped the rope, thus pulling the trolley off the wire and causing it to swing to one side and strike the lamp. The argument is made that as this evidence was uncontradicted the jury were bound to credit it, and that it was therefore fatal to the plaintiff's recovery. The jury, however, were the judges of the credibility of the witness, and even if their verdict was necessarily inconsistent with his testimony this court cannot on that account set it aside. (*Harrod v. Latham, ante* p. 466.)

The judgment is affirmed.