**STEWART v. KELLY AXE MFG. CO. et al.**

Circuit Court of Appeals, Fourth Circuit.
April 12, 1927.

No. 2584.

**1. Corporations ⟨⟐⟩591—Finding that stock of corporation succeeding to assets of another, of which plaintiff was stockholder, tendered to plaintiff, represented his proportionate share of transferee's stock, held warranted.**

In minority stockholder's suit after transfer of all of corporate assets to compel issuance to him of his proportionate share of stock of transferee corporation, court's finding that stock which defendant tendered plaintiff and deposited in court was all that he was entitled to *held* supported by evidence.

**2. Corporations ⟨⟐⟩591—In minority stockholder's action to recover proportionate share of stock of transferee of corporate assets refusal to go into corporate doings during period of years held not error.**

In suit by minority stockholder of corporation, whose assets had been conveyed to another corporation to compel issuance to him of his proportionate share of stock of transferee corporation, refusal of court to go into past doings of companies during a period of many years *held* not error.

**3. Appeal and error ⟨⟐⟩959(1)—Pleading ⟨⟐⟩236(6)—In suit to compel issuance of corporate stock, denial of motion to add to prayer of complaint held within court's discretion and not reviewable.**

In action by minority stockholder of corporation, whose assets had been transferred to another corporation to compel issuance to him of proportionate share of stock of transferee corporation, court's denial of motion to add to the prayer of complainant's amended complaint *held* within court's discretion and not reviewable on appeal.

**4. Pleading ⬅⮕244—Refusal to permit amendment of prayer held proper, where matters to be interposed were already before court.**

In action by minority stockholder of corporation, whose assets had been conveyed to another corporation to compel issuance to him of his proportionate share of stock of transferee corporation, denial of motion to add to prayer of amended bill *held* proper, where matters sought to be interposed by amendment were already amply before court.

**5. Courts ⬅⮕347(3)—Imposition of penalty for violation of equity rules in filing unnecessarily long answer held unwarranted (New equity rules 25, 29, 30, 31).**

In suit to compel issuance of corporate stock, defendant's violation of new equity rules 25, 29, 30, and 31, in filing lengthy answer, *held* not to warrant imposition of penalty, where complaint also flagrantly violated such rules and made necessary lengthy answer.

Appeal from the District Court of the United States for the Southern District of West Virginia, at Charleston; George W. McClintic, Judge.

Suit by J. Adger Stewart against the Kelly Axe Manufacturing Company and others. From a decree for plaintiff, granting unsatisfactory relief, he appeals. Affirmed.

John E. Tarrant, of Louisville, Ky. (George Poffenbarger, of Charleston, W. Va., and Bruce & Bullitt, of Louisville, Ky., on the brief), for appellant.

Robert S. Spilman, of Charleston, W. Va. (George S. Couch, Brown, Jackson & Knight, and Price, Smith & Spilman, all of Charleston, W. Va., on the brief), for appellees.

Before WADDILL and PARKER, Circuit Judges, and BAKER, District Judge.

WADDILL, Circuit Judge. This is an appeal from a final decree entered on the 10th of June, 1926, by the District Court of the United States for the Southern District of West Virginia, in the equity cause pending therein, entitled J. Adger Stewart, complainant, against the Kelly Axe Manufacturing Company and other defendants. The bill was twice amended; the first filed on the 19th of May, 1925, and the second on the 16th of December, 1925. The defendants were the Kelly Axe Manufacturing Company, Kelly Axe & Tool Company, of Charleston, W. Va., the Kelly Axe Manufacturing Company, of Alexandria, Ind., and William C. Kelly, George T. Price, and Garrard E. Kelly, of Charleston, W. Va. Complainant's cause of action is set out in much detail in the first amended bill, and involves complainant's right to the ownership of 40 shares of the common stock of said corporations, and his right to relief in respect thereof.

Briefly, the case is that in the year 1874, William E. Kelly began the manufacture of axes. Later on he incorporated his business in the state of Kentucky in the name of the Kelly Axe Manufacturing Company. In 1901 he organized the Indiana corporation under the same name, and transferred the business of the Kelly Axe Manufacturing Company to it. This corporation and those subsequently taking over the business had been known as "Kelly Companies"; that is, largely owned and dominated by William E. Kelly and his immediate family. In the year 1905 complainant acquired 40 shares of the par value of $100 per share of the common capital stock of the Kelly Axe Manufacturing Company of Indiana. In 1910 Kelly organized the Kelly Axe Manufacturing Company of West Virginia, with the same capitalization as the Indiana corporation, and took over the Indiana company, which was done with the assent of the Indiana company's stockholders other than the complainant. The purpose of this transfer was for economical reasons in connection with the tax laws of Indiana. In June, 1924, the Kelly Axe & Tool Company was organized, and acquired all of the assets of the Kelly Axe Manufacturing Company through an exchange of stock, whereby all of the stockholders except Stewart received stock in the Tool company share for share in lieu of their respective shares of stock in the Kelly Axe Manufacturing Company of West Virginia. Stewart was fully advised of the change in ownership of the corporation as indicated, and at the last organization on July 30, 1924, he was sent a check for $4,000, the par value of his stock, in liquidation of his interest in the Kelly Axe Manufacturing Company. This he declined to accept, and returned the same to the company, insisting that his stock was worth many times that amount, and at least $14,400. The parties were never able to come to any agreement as to the 40 shares of stock. Complainant was given notice of stockholders' meetings, but declined to attend the same or participate in what occurred or take part in determining what was best to be done in reference to the business matters involved, and held himself aloof from the other owners of the companies, and generally maintained a hostile position in the entire matter, with the result that this suit was instituted.

The prayer of the bill is as follows:

"(1) That the sale of the property and assets of the West Virginia Company to the Kelly Axe & Tool Company be set aside, and

that said property and assets be returned to the West Virginia Company.

"(2) That, if this cannot be done, Stewart be decreed to have an interest in the Kelly Axe & Tool Company proportionate to his interest in the West Virginia Company, and the Kelly Axe & Tool Company be ordered to issue to him an amount of its common stock proportionate to his interest in the West Virginia Company.

"(3) That, if neither of these can be done (a) that a decree be entered against the West Virginia Company, the Kelly Axe & Tool Company, William C. Kelly, George T. Price, and Garrard E. Kelly for the value of Stewart's stock in the West Virginia Company, at the time of the sale of its assets to the Kelly Axe & Tool Company; or (b) if at any time his proportionate interest in the Kelly Axe & Tool Company would have been of greater value than this sum, for the highest value of his proportionate interest in that, company; that the cause be referred to a commissioner in order to ascertain the exact sum due him; that he be adjudged to have a lien upon the property and assets of the West Virginia company and of the Kelly Axe & Tool Company to secure the payment to him of the sum found due him."

Complainant filed with his first amended bill 50 interrogatories for the defendant to answer, and with his second amended bill 18 supplementary interrogatories.

At a later date, upon the filing of the second amended bill on the 16th of December, 1925, complainant asked that the second prayer of his first amended bill be amended and added to as follows:

"That, if this cannot be done (a) that Stewart be decreed to have an interest in the Kelly Axe & Tool Company proportionate to his interest in the West Virginia Company; (b) that the Kelly Axe & Tool Company be ordered to issue to Stewart an amount of its common stock proportionate to his interest in the West Virginia company; (c) that the West Virginia company and the Kelly Axe & Tool Company be ordered to submit to Stewart for examination in order that he may accurately determine the amount of his proportionate interest in the Kelly Axe & Tool Company and the value of his proportionate interest therein, all books, papers, correspondence, records, documents of any nature whatsoever, and all plants or properties of any nature whatsoever tending to show or to throw light upon the value of the properties and assets, tangible and intangible, of the West Virginia company at the time of the sale of all of its properties and assets to Kelly Axe & Tool Company, and tending to show the value of the properties and assets of the Kelly Axe & Tool Company as of that date and at all times subsequent thereto; (d) that the Kelly Axe & Tool Company and the West Virginia Company be ordered to pay Stewart his proportionate share of any and all dividends declared by either of said companies during the period beginning January 1, 1924, and continuing until such time as a final decree is entered herein; and (e) for all other proper relief."

Defendants thereupon appeared, objected to the jurisdiction of the court, and moved to dismiss the bill and amended bills, and filed an elaborate answer thereto. Complainant moved to strike from the record the first 40 pages of the answer, and filed a special reply to the answer in writing, and also asked that the defendants be required to make and file full and sundry statements, including a statement of the indebtedness of the property, a list of the stockholders, with the number of shares owned by each, the amount of the capital paid in, with estimated surplus or deficiency, together with the amount of dividends declared or losses incurred or profits accruing during the preceding year, and to submit for examination the records of the company, and to answer the interrogatories filed as aforesaid.

The court, by orders entered on the 22d of August, 1925, 12th October 1925, and 25th May, 1926, overruled the objection to the jurisdiction of the court, and declined to dismiss the bill and amended bills, as prayed for by the defendants, and likewise overruled the several exceptions and motions above set forth made by the complainant, including the answering of interrogatories filed with complainant's amended bills, and, being of opinion that the only issue necessary to be decided was whether or not the 40 shares of stock of the defendant Kelly Axe & Tool Company tendered to the complainant by the defendants with their answer of the 21st of August, 1925, was or was not an amount of the common stock of said company proportionate to the interest of the complainant in the defendant Kelly Axe Manufacturing Company of Charleston, W. Va., as prayed for in section 2 of the prayer of complainant's "amended bill in equity" filed May 14, 1925, set the cause for hearing upon said issue.

On the 10th of June, 1926, the cause coming on for final hearing before the court, it was adjudged, ordered, and decreed:

"(1) That the 40 shares of the full paid nonassessable common stock of the defendant

Kelly Axe & Tool Company, tendered the plaintiff by the defendants with their answer filed herein on August 21, 1925, evidenced by stock certificate No. 24 of said company, issued to said plaintiff J. Adger Stewart, which has been since said tender in the custody of the clerk of this court, is an amount of its common stock proportionate to the interest of the said plaintiff in the defendant Kelly Axe Manufacturing Company, of Charleston, W. Va., represented by the 40 shares of the common capital stock of said Kelly Axe Manufacturing Company claimed by the plaintiff, and standing upon its books in the name of the defendant Kelly Axe Manufacturing Company, of Alexandria, Ind., and held by it as trustee for the plaintiff, and that said plaintiff is entitled to have said 40 shares of common stock of said Kelly Axe & Tool Company issued and delivered to him as prayed for in section 2 of the prayer of the plaintiff's amended bill, filed herein on May 14, 1925.

"(2) That the defendants, by counsel, having in open court renewed said offer contained in said answer, and tendered to counsel for the plaintiff said certificate for said 40 shares of the stock of said Kelly Axe & Tool Company, the clerk of this court shall hold said certificate subject to the order of the said plaintiff, or his counsel of record herein, and upon request shall deliver said certificate to the said plaintiff or his said counsel."

Paragraph 3 of said decree directed the official stenographer of the court to transcribe the evidence introduced upon the hearing and file the same with the papers in the case; and by paragraph 4 decreed costs in favor of the defendants against the complainant, and directed the suit to be retired from the docket.

From this decision the appeal herein was taken. The assignments of error are self-explanatory. Most of them apparently relate to formal rulings made by the court on the pleadings, and are either not the subject of appeal, or without merit as applicable to this case, under its peculiar facts and circumstances, and what was in contemplation when the rulings were made.

Assignments 1 and 5 relate especially to the court's ruling in refusing to require answers to 68 interrogatories propounded by the complainant to the defendants, and assignments 2 and 3 to the court's ruling on the question of examination of the defendants books, records, and papers, etc., and motions to require defendants to make and file certain statements enumerated in assignment 3, being in effect the same motions covered at large by the interrogatories aforesaid, and the special motions to require the defendants to file statements of their accounts showing their financial condition, and producing their records, books and papers for examination as hereinbefore recited.

The parties by their counsel filed elaborate notes of argument in support of their respective views upon the motions aforesaid, especially the right to file interrogatories and require answers to the same; and the right of examination and inspection of the books and records of the defendant companies during the period covered by the complainant's ownership of the 40 shares of stock in issue.

The authorities cited need not be referred to especially, as they relate to matters not the subject of serious controversy ordinarily, and which become in the main unimportant in the light of the conclusion reached by the court on the merits as set forth in its decree of the 10th of June, 1926, hereinbefore recited. The case would seem to be one of fairly easy determination upon the bill, answer, and proofs. No evidence was adduced before the court by the complainant, and the cause was submitted upon the pleadings and the testimony of Garrard E. Kelly, secretary and treasurer of the companies, a witness called by the defendants, examined at considerable length, and who filed with his testimony sundry exhibits and documents shown in the narrative statement of the evidence. This witness was not cross-examined by the complainant.

[1] Upon the showing of the record, this court would at least not be warranted in holding that the evidence was not sufficient to support the court's conclusion and to do so would be to substitute its judgment for that of the trial judge, who had the advantage of seeing and hearing the testimony orally, and to observe the witness' demeanor and conduct, and that of the parties to the litigation during the hearing.

[2] The court did not and should not have passed upon, or have attempted to pass upon, all of the questions raised by the complainant, a minority stockholder, regarding the acts and doings of the companies in which he was interested during a period of some 20 years, and when he had refused to accept the stock tendered to him in the West Virginia corporations, nor shown sufficient interest in the companies to participate in the official meetings when advised of the holding of the same, and the action to be had at such meetings. To have permitted complainant to do what he attempted would be to invite an assault upon the management of any corporation by their minority stockholders in a manner not con-

templated by law, and would be wholly inconsistent with the orderly conduct of business and life of a corporation.

Assignments 7 and 8 are to the effect that, after the tender of the stock certificate No. 24, filed with the answer of the defendant on the 21st of August, 1925, for 40 shares of the common stock of the Kelly Axe & Tool Company, the only issue was whether or not said 40 shares was an amount of the common stock of the Kelly Axe & Tool Company proportionate to the interest of complainant in the Kelly Axe Manufacturing Company of Charleston, W. Va., and that the complainant was not entitled to further relief.

We can but feel that these assignments are not well taken, as the effect of the court's decree was that complainant was entitled to the 40 shares of stock thus assigned in the Kelly Axe & Tool Company, and that the same was for an amount of the common stock of said company proportionate to complainant's interest in the Kelly Axe Manufacturing Company of Charleston, W. Va. Upon this being definitely ascertained and determined, and the defendant had delivered the stock, it would seem that the complainant was afforded the relief to which he was then entitled, and the court will not assume that, upon complainant's having delivered to him the specific shares of stock to which he was entitled with its value ascertained, means and methods would not be found available to secure to him the proper relief to which he was entitled as a minority stockholder.

Assignments 4 and 6 relate, the first to the refusal of the court to strike out the first 40 pages of defendants' answer, and the second to the court's overruling the motion made on the 16th of December, 1925, to file an amendment to the second paragraph of the prayer of his amended bill.

[3, 4] The court's action on the question of complainant's motion to add to the prayer of the amended bill was respecting a matter arising upon the pleadings looking to the maturity of the cause for final hearing, and clearly within its discretion, and from which no appeal lies upon the showing of this record. Moreover, the court was manifestly right in its ruling, since the matters sought to be interposed by the proposed amendment were already amply before the court by the prayers of the bill and amended bills, and by the sundry motions made in the case upon the incoming of the defendant's answer, and the great number of interrogatories and supplemental interrogatories to the defendants propounded by the complainant, to all of which the defendants duly excepted.

[5] Respecting the motion to strike out the first 40 pages of the defendant's answer covered by assignment No. 4, undoubtedly there is much merit in this motion, as there would seem to be no justification for the length of the answer filed in an ordinary cause like the present, and clearly so since the adoption of the new equity rules by the Supreme Court of the United States of November 4, 1912, designed and intended to inhibit the doing of this very thing. Equity rule 25, Hopkins' New Federal Equity Rules (3d Ed.) at page 165, sets forth with much clarity and particularity what a bill shall contain, especially apropos of this motion, as follows:

"* * * Second, a short and plain statement of the grounds upon which the court's jurisdiction depends. Third, a short and simple statement of the ultimate facts upon which the plaintiff asks relief, omitting any mere statement of evidence. * * *"

Rules 29, 30, and 31, Hopkins, supra, pp. 183, 194, prescribe what the answer shall embrace, and especially on this particular motion, as follows:

"(29) Every defense in point of law arising upon the face of the bill, whether for misjoinder, nonjoinder, or insufficiency of fact to constitute a valid cause of action in equity, which might heretofore have been made by demurrer or plea, shall be made by motion to dismiss or in the answer; and every such point of law going to the whole or a material part of the cause or causes of action stated in the bill may be called up and disposed of before final hearing at the discretion of the court. * * *

"(30) The defendant in his answer shall in short and simple terms set out his defense to each claim asserted by the bill, omitting any mere statement of evidence and avoiding any general denial of the averments of the bill, but specifically admitting or denying or explaining the facts upon which the plaintiff relies, unless the defendant is without knowledge, in which case he shall so state, such statement operating as a denial. * * *" Los Angeles Brush Mfg. Corp. v. James, Judge, etc., 47 S. Ct. 286, 288, 289, 71 L. Ed. ——. Decided January 3, 1927.

In the light of these rules there can be but little excuse for the elaboration of pleadings by either side, as here; but complainant by his bill so flagrantly infringed upon the rules prescribing his duty in the respect mentioned, that he cannot well be heard to say that the defendants should be penalized for adopting

in effect the same course, and especially as there is justification in the defendants' contention that the length of the answer was made necessary by the complainant's action, in that he copied in his bill many letters, portions of letters and other documentary testimony and statements, without giving in full the correspondence and writings that would have made clear the transactions involved, when he should only have stated the ultimate facts upon which the complainant asked relief, omitting mere statements of evidence. To deny to defendants the right to make explanation of the many things set out in the bill, and allow complainant's infractions of the rules to be passed by, might work great injustice to the defendants. Moreover, it cannot be said that the defendants' action necessarily operated prejudicially to the complainant; and hence we should not visit upon them the penalty that the enforcement of the rules would entail.

The conclusion we have reached upon the whole case is that the decree of the District Court should be affirmed, at the cost of the appellant.

Affirmed.