R. W. PERRY v. KELFORD COCA-COLA BOTTLING COMPANY.

(Filed 6 March, 1929.)

1. **Food—Liability of Manufacturer for Injuries to Consumer—Deleterious and Foreign Substances—Evidence.**

Where there is evidence in an action against a bottling company of deleterious substances in a bottled drink that caused injury to the plaintiff in drinking the contents, evidence that deleterious substances had been found in other drinks bottled by the same company, under substantially the same conditions, is admissible as corroborative evidence of the plaintiff's theory that the presence of glass in the bottle which he purchased was not an unforeseeable contingency.

2. **Damages — Punitive Damages — Grounds Therefor — Malice, Wanton Negligence, etc.—Evidence—Food.**

Where there is no evidence that the injury caused the plaintiff by a deleterious substance in a bottled drink was caused maliciously or by wanton negligence or in a spirit of mischief or criminal indifference to civil obligations, punitive damages may not be recovered by him.

**3. Appeal and Error—Disposition of Cause—Modification and Affirmance.**

Where there is no error of law in the trial of the case in the lower
court except on the separate issue of exemplary damages, the answer of
the jury on this issue will be stricken out on appeal, and the judgment
of the lower court as thus modified will be affirmed.

APPEAL by defendant from *Lyon, Emergency Judge,* at November
Term, 1928, of HERTFORD.

*Winston, Matthews & Kenny for appellant.*

ADAMS, J. A former appeal in this case is reported, *ante,* 175. It
was there held that the evidence objected to was competent. The de-
fendant now insists that at the last trial additional evidence was offered
and improperly excluded. True, one or two exceptions not appearing
in the record of the former appeal are noted and brought forward
in the appellant's brief, but all are to be determined by the applica-
tion of one principle: evidence of the occurrence of similar events is pro-
bative on an issue as to whether a like occurrence happened at another
time. "Evidence of similar occurrences is admitted where it appears
that all the essential physical conditions on the two occasions were iden-
tical; for under such circumstances the observed uniformity of nature
raises an inference that like causes will produce like results, even though
there may be some dissimilarity of conditions in respect to a matter
which cannot reasonably be expected to have affected the result." 22
C. J., 751, sec. 840; *Pritchett v. R. R.,* 157 N. C., 88; *Leathers v.
Tobacco Co.,* 144 N. C., 330; *Dorsett v. Mfg. Co.,* 131 N. C., 254. Testi-
mony as to the purchase of the bottle a few days before the trial was
competent, if not as substantive evidence at least as corroborative of the
plaintiff's theory that the presence of glass in the bottle which he pur-
chased was not an unforeseeable contingency, but one of a series of
similar occurrences preceding and following the date of the alleged
injury.

Exceptions were entered to the court's refusal to dismiss the action
and to give certain of the defendant's prayers for instructions; but as to
these an inspection of the record fails to disclose any reversible error,
except in reference to punitive damages.

On the cross-examination A. C. Johnson, general manager of the de-
fendant company, testified: "I say that no complaint of any foreign
substances being in bottles has been made to me direct, except through
my truck drivers, and I have had several complaints made through
them. No, I made no investigation as result of what the drivers told me
because I knew it was impossible for foreign substances to get in the
bottles." He had previously said, "Never before this time during our

whole operations has any complaint been made to me of any foreign substance being in a bottle. This is the first called to my attention. I have heard the boys on the truck say they had."

The trial judge declined the defendant's prayer that punitive damages could not be awarded, and gave the jury this instruction: "Punitive damage is not a matter of right, but a matter of discretion of the jury. If you find that the defendant was carelessly negligent, that he was wantonly negligent, and even wilfully did the acts complained of, I say you may find that, and you may still say whether you allow damages or not, you may allow damages as a punishment to him, as an example to others, but you are not compelled to do so."

In *Tripp v. Tobacco Co.,* 193 N. C., 614, many of the authorities relating to punitive damages are reviewed and the following conclusion announced: "Punitive, vindictive or exemplary damages, sometimes called smart money, are allowed in cases where the injury is inflicted in a malicious, wanton and reckless manner. The defendant's conduct must have been actually malicious or wanton, displaying a spirit of mischief towards the plaintiff, or of reckless and criminal indifference to his rights."

This is in accord with previous decisions, among them the cited case of *Holmes v. R. R.,* 94 N. C., 318: "Punitive damages are never awarded except in cases 'when there is an element either of fraud, malice, such a degree of negligence as indicates a reckless indifference to consequences, oppression, insult, rudeness, caprice, wilfulness, or other causes of aggravation in the act or omission causing the injury.'"

The record does not disclose such a "spirit of mischief or of criminal indifference to civil obligations" as would entitle the plaintiff to an award of punitive damages. *Picklesimer v. R. R.,* 194 N. C., 40.

The fourth and fifth issues should not have been submitted to the jury. They will therefore be stricken from the judgment, the plaintiff being entitled only to compensatory damages. As thus modified the judgment is affirmed.

Modified and affirmed.