G. W. BROOM v. MONROE COCA COLA BOTTLING COMPANY.

(Filed 19 December, 1930.)

1. **Food A a—Exclusion of evidence that bottler had no previous knowledge of foreign substances in drinks held proper.**

In an action to recover damages from a bottling company for injury caused by harmful substances in a bottle of its beverage, evidence tending to show that the company had not been told by its vendees or drivers that deleterious substances had been formerly found in the bottled drinks is properly excluded.

**2. Evidence K b—In this case held: testimony of witness was properly excluded as opinion evidence invading province of jury.**

Where injury is shown by the purchaser of a bottled beverage caused by harmful substances found within the bottled drink, the opinion of a witness that foreign substances could not have escaped into the bottles on account of the character of the machinery used is objectionable as invading the province of the jury.

CIVIL ACTION, before *McElroy, J.,* at August Term, 1930, of UNION.

The plaintiff offered evidence tending to show that on 19 July, 1929, he bought a bottle of coca cola from G. W. Helms, a merchant. He opened the bottle and began drinking the beverage when he discovered that there was some foreign substance in the drink. Upon examination it was discovered that the bottle contained broken glass and oil. There was further evidence tending to show that the plaintiff immediately became violently sick and was attended by a physician, and that later glass passed through his stomach and bowels, causing internal laceration and great pain and suffering. The plaintiff offered evidence tending to show that on or about 19 July, 1928, a bottle of coca cola bottled by defendant contained a chew of tobacco, and that in March or April, 1929, another bottle of coca cola bottled and sold by the defendant contained a fly, and there was other testimony that other bottles contained paper and trash.

The defendant offered evidence tending to show that the plant at which said beverage was bottled and prepared for sale was modern and up-to-date in every particular and equipped with the best machinery available for bottling purposes, and that every precaution was taken in the process of bottling coca cola to keep the bottles clean and eliminate all foreign substances from the bottled product.

The usual issues of negligence, contributory negligence and damages were submitted to the jury and answered in favor of plaintiff, who was awarded the sum of $2,000 damages.

From judgment upon the verdict the defendant appealed.

*John C. Sikes and C. E. Hamilton for plaintiff.*
*Vann & Milliken for defendant.*

BROGDEN, J. The measure of liability imposed by the law upon the bottler and seller of coca cola has been established in *Perry v. Bottling Co.,* 196 N. C., 175, 145 S. E., 14; *Perry v. Bottling Co.,* 196 N. C., 690, 146 S. E., 805; *Harper v. Bullock,* 198 N. C., 448, 152 S. E., 405. See, also, Annotation, 63 A. L. R., p. 340.

The evidence brings this case within the rule of liability announced in the *Perry cases, supra.*

The trial judge declined to permit the defendant to offer evidence to the effect that it had received no notice from any vendee of coca cola or from its drivers, with respect to any foreign substances contained in beverage so bottled and sold. Exception to this ruling cannot be sustained. The identical point was discussed in *Cashwell v. Bottling Works,* 174 N. C., 324, 93 S. E., 901. It is written in that case: "A seller may not have knowledge of the danger lurking in his goods, but this matter of knowledge may be produced by his failure to exercise proper care to acquire it; and knowledge is not an essential or requisite element of liability for the consequence, if the dangerous character of goods could be eliminated by the use of that degree of care which the law required of him under the circumstances."

The defendant also assigned as error the ruling of the trial judge excluding the testimony of a witness for the defendant to the effect that in his opinion the glass found in the bottle could not have passed through defendant's bottling machine. This ruling is correct for the reason that such testimony plainly invaded the province of the jury.

We have examined all the exceptions and find no reversible error.

No error.