## H. F. KELLY v. RALEIGH GRANITE COMPANY.

(Filed 27 January, 1931.)

1. **Evidence D h—Photographs held properly admitted in evidence for purpose of illustrating witness' testimony.**

In an action for damages for an injury alleged to have been caused by defective dinky cars furnished by the defendant, photographs of the cars taken several months after the injury, but testified to be substantially in the same condition as those causing the injury, are properly admitted in evidence for the purpose of the witnesses illustrating their testimony.

2. **Master and Servant C b—Testimony that cars had been defective for months held competent on question of employer's knowledge.**

Upon evidence tending to show that the plaintiff's injury was caused by the bulging over of defendant's dinky cars, testimony that the defendant's superintendent knew of such condition for several months prior to the injury is competent on the question of the employer's notice of the defect.

3. **Master and Servant C f—Question of assumption of risk is ordinarily for the determination of the jury.**

An employee has the right to assume that another employee will not suddenly increase the risks of a dangerous employment, and he will not be held to assume such extra risk, and the question of the assumption of risks is ordinarily for the determination of the jury.

CIVIL ACTION, before *Daniels, J.,* at May Term, 1930, of WAKE.

The plaintiff alleged and offered evidence tending to show that on or about 21 June, 1928, he was seriously and permanently injured by the negligence of the defendant. The testimony was to the effect that the plaintiff was working for the defendant at a rock quarry at Graystone,

North Carolina. Rocks were moved to the crusher by means of a dinky engine and cars. Some of these by reason of long use and heavy loading had bulged over the drawheads. The plaintiff was a·foreman and was required to keep the cars moving and also to couple cars. The coupling was made by link and pin. In order to make the coupling the plaintiff gave a signal to the engineer to move forward. Thereupon the plaintiff went between the cars to make the coupling when the engineer suddenly and without signal or warning backed another car upon the plaintiff. By reason of the fact that the rear doors of the car bulged over the drawheads only a small space was left between the cars when they came together, and thus the plaintiff was mashed and crushed.

The plaintiff offered evidence tending to show that it was the duty of the engineer to move the cars upon signal.

Issues of negligence, contributory negligence, assumption of risk and damages were submitted to the jury and answered in favor of the plaintiff.

The jury assessed damages in the sum of $7,000.

From judgment upon the verdict the defendant appealed.

*Parker & Allsbrook, Finch & Rand and Murray Allen* for *plaintiff*.
*Perry & Kittrell, W. B. Jones and Parham & Lassiter* for *defendant*.

BROGDEN, J. Certain photographs were offered and admitted by the trial judge for the purpose of illustrating the testimony of witnesses. The plaintiff did not know which car injured him, but testified "they were all equally as bad." The photographs were taken about three and a half months after the injury, but the plaintiff testified, "The cars of which I took pictures were in substantially the same condition as at the time I was hurt." Hence the photographs were admissible for the restricted use specified by the trial judge. *Honeycutt v. Brick Co.,* 196 N. C., 556, 146 S. E., 227.

There was also objection to the following evidence: "Of your own knowledge, for how long a time did the superintendent of the Raleigh Granite Company know of those doors bulging over?" (Answer): "As much as six months. Some of them always bulged out. They are all alike, and some are worse than others." This evidence was competent on the question of notice to the employer of the defect complained of. *Blevins v. Cotton Mill,* 150 N. C., 493, 64 S. E., 428.

There are exceptions to the charge of the trial judge, relating to contributory negligence, but a careful examination of the instructions in their entirety discloses no reversible error. There was sufficient evidence of negligence to be submitted to the jury, and, while it is conceded, that the plaintiff was doing a dangerous work, and perhaps was

fully aware of the danger, he had a right to rely upon the assumption that the engineer would not suddenly move the cars without warning and without a signal. It was the function of the jury to determine whether the danger was so open, obvious and imminent that no man of ordinary prudence would undertake to couple the cars under the circumstances. *Maulden v. Chair Co.,* 196 N. C., 122, 147 S. E., 740.

No error.