**UPTON v. HARRISON et al.**

No. 3528

Circuit Court of Appeals, Fourth Circuit.

Jan. 4, 1934.

R. M. Robinson, of Greensboro, N. C., for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PARKER, Circuit Judge.

This is an appeal by the plaintiff from an adverse judgment in an action for damages which plaintiff alleged that he had sustained as a result of swallowing glass while drinking from a bottle of Coca-Cola prepared by the defendants. It was shown that plaintiff purchased the Coca-Cola from a "barbecue" stand near the city of Greensboro, N. C.; that defendants were members of a partnership engaged in bottling Coca-Cola in that city; and that they prepared and sold the bottle of Coca-Cola purchased by plaintiff. In response to issues submitted in accordance with the North Carolina practice, the jury found that the plaintiff was not injured as a result of negligence of the defendants; and from judgment on this verdict plaintiff appealed. The appeal alleges errors: (1) In striking out an amendment to the complaint; (2) in admitting and rejecting testimony; and (3) in refusing to set aside the verdict and grant a new trial because of alleged attempted intimidation of certain of plaintiff's witnesses and misconduct of one of the jurors.

The complaint, which was filed November 12, 1932, alleged in paragraph 8 thereof that defendants were guilty of negligence in bottling and selling to the public Coca-Cola containing broken glass. On January 24, 1933, the court allowed an amendment to this paragraph to the effect that, about the time of plaintiff's injury, defendants had bottled Coca-Cola containing glass, and that this glass had been swallowed by other persons to their injury, as defendants well knew. This amendment was allowed on condition that plaintiff furnish counsel for defendants with the names of the witnesses by whom plaintiff proposed to show the facts therein alleged. When the case was called for trial on January 28th, counsel for defendants complained that a list of these witnesses had not been furnished promptly, and the court thereupon struck out the amendment. We cannot see that in this there was any abuse of discretion; and it is well settled that, in the absence of such abuse, the amendment of pleadings is a matter resting entirely in the discretion of the trial judge. Chapman v. Barney, 129 U. S. 677, 681, 9 S. Ct. 426, 32 L. Ed. 800; Board of Drainage Com'rs v. Lafayette Southside Bank of St. Louis (C. C. A. 4th) 27 F. (2d) 286; Stewart v. Kelly Axe Mfg. Co. (C. C.

Leland Stanford, of High Point, N. C. (C. A. York, of High Point, N. C., on the brief), for appellant.

A. 4th) 18 F.(2d) 567. In addition to this, it appears that the plaintiff was not prejudiced by this action of the court, as he was permitted to introduce evidence as to foreign substances having been found at about the time alleged in Coca-Cola bottled by the defendants and purchased by other persons. The court admitted this testimony under the authority of Broom v. Bottling Co., 200 N. C. 55, 156 S. E. 152, and Perry v. Bottling Co., 196 N. C. 175, 145 S. E. 14; Id., 196 N. C. 690, 146 S. E. 805; and the plaintiff thereby received every advantage which he would have had if the amendment to the complaint had been allowed.

The exceptions to the admission and rejection of testimony require little discussion, as all of the rulings of the court with regard thereto were substantially correct, and none of which complaint is made could have affected the result. Hearsay testimony of one not an expert, to the effect that glass in the stomach could not be detected by the X-ray, was properly excluded; but the fact was not disputed and was later established by competent testimony. Testimony of a witness to the effect that he had purchased Coca-Cola with glass in it at a café in High Point was properly excluded, where it did not appear that defendants had bottled that Coca-Cola. Testimony that plaintiff, some time before his alleged injury, had complained of pains in his stomach, was properly admitted as bearing on whether pains of which he later complained were caused by that injury or by his prior condition. Testimony that other bottlers sold their goods in the town of Liberty was received as bearing on whether a defective bottle testified to as having been sold there might not have been the product of some one other than defendants. It would seem to be competent for this purpose; but, if not, it dealt with a matter too remote from the issue involved to have affected the result. Objection to the testimony of the witness Brandt was on the ground that he was testifying to conclusions; but, as he stated fully the facts which he observed, any testimony as to conclusions was entirely harmless. Exception was taken to a question asked the witness Bradford; but, as no answer appears to have been given to the question, there was no basis for the exception as well as no prejudice shown as a result of the failure to sustain the objection to the question.

The motion for new trial was addressed to the discretion of the trial judge. Fairmount Glass Works v. Coal Co., 287 U. S. 474, 481, 53 S. Ct. 252, 77 L. Ed. 439. From the record before us, it appears that he inquired fully into the alleged attempt to intimidate witnesses for the plaintiff and the misconduct of the juror. There was no showing that any witness for plaintiff had been prevented from testifying as to any matter or that plaintiff's cause had been prejudiced in any way by the attempted intimidation alleged. As to the misconduct of the juror, it appeared that during the course of the trial one of the jurors, who was employed by a newspaper which held an unpaid bill against one of the attorneys for plaintiff for the advertisement of a trustee's sale, had presented the bill to the attorney and either demanded payment or inquired whether the trustee's sale had been closed. The court found, however, that the attorney had failed to call the matter to the court's attention until after verdict, and that the juror was unprejudiced. Under these circumstances, he refused to set aside the verdict; and we think that he was clearly right. There was nothing to show that plaintiff's cause was prejudiced in any way by the alleged attempt to intimidate witnesses; and, although we think that the conduct of the juror in attempting to collect a bill from counsel during the progress of the case was highly improper, counsel could not sit silently by and take chances on a favorable verdict and then complain when it turned out to be unfavorable. He is not permitted thus to "speculate upon the chances of a verdict." Berry v. De Witt (C. C.) 27 F. 723, 724; Allen v. Blunt, 1 Fed. Cas. at page 460, No. 217; 46 C. J. 154. Having been silent when it was his duty to speak, he will "not be heard to speak when it is his duty to be silent." Qui tacet consentire videtur.

There was no error, and the judgment appealed from will be affirmed.

Affirmed.