**SEARS, ROEBUCK & CO. v. COPELAND.**

No. 4596.

Circuit Court of Appeals, Fourth Circuit.

April 10, 1940.

---

948

Before SOPER and DOBIE, Circuit Judges, and BARKSDALE, District Judge.

H. G. Hedrick, of Durham, N. C. (C. W. Hall, of Durham, N. C., on the brief), for appellant.

R. P. Reade and F. L. Fuller, Jr., both of Durham, N.C. (Jones Fuller and William B. Umstead, both of Durham, N. C., on the brief), for appellee.

SOPER, Circuit Judge.

■ The plaintiff in the District Court, as the result of a jury trial, obtained a judgment for $10,000 for injuries sustained in September, 1937, when she fell on a stairway leading from the first floor to the basement of a store kept by the defendant in Durham, North Carolina. According to the testimony on her behalf, she caught the heel of her right shoe in a loose metal strip attached to the edge of one of the steps as she was descending, and was thrown with such violence as to cause a fracture of the left femur. The theory of the suit was that the defendant was negligent in permitting the stairway used by its customers to get into a dangerous and defective condition. According to the plaintiff's evidence, this condition had been brought to the attention of the defendant eighteen months earlier by the fall of a Mrs. Pickard on the same stairway, also caused by a protruding metal strip; but nevertheless the strips were not removed from the steps until after the accident in suit. The defense was that the metal strips had been removed three months before the plaintiff's fall when it was noticed that they had gotten into a dangerous condition. We must of course accept the plaintiff's version in view of the jury's verdict.

■ The only substantial contention of the defendant on this appeal is that it was error on the part of the court to admit the evidence of the prior accident. The general rule prevailing in North Carolina and elsewhere is that evidence of this kind

is relevant if it relates to an occurrence which happened under substantially the same conditions, at substantially the same place as the accident in suit, and at a time not too remote therefrom. District of Columbia v. Arms, 107 U.S. 519, 2 S.Ct. 840, 27 L.Ed. 618; Patton v. Southern R. Co., 4 Cir., 82 F. 979, certiorari denied 186 U.S. 484, 22 S.Ct. 944, 46 L.Ed. 1261; Tunstall v. Richmond & D. R. Co., 4 Cir., 83 F. 1022; Evans v. Erie R. Co., 6 Cir., 213 F. 129; Raper v. Wilmington & W. R. Co., 126 N.C. 563, 36 S.E. 115; Dorsett v. Clement-Ross Mfg. Co., 131 N.C. 254, 42 S.E. 612; Gaines Leathers v. Blackwell Durham Tobacco Co., 144 N.C. 330, 339, 57 S.E. 11, 9 L.R.A.,N.S., 349; Russ v. Harper, 156 N.C. 444, 450, 72 S.E. 570; Deligny v. Tate Furniture Co., 170 N.C. 189, 86 S.E. 980; Conrad v. Shuford & Shuford, 174 N.C. 719, 722, 723, 94 S.E. 424; Perry v. Kelford Bottling Co., 196 N.C. 175, 177, 145 S.E. 14, on another appeal 196 N.C. 690, 146 S.E. 805; O'-Brien v. Parks Cramer Co., 196 N.C. 359, 145 S.E. 684; Kelly v. Raleigh Granite Co., 200 N.C. 326, 156 S.E. 517. Such evidence tends to show the dangerous qualities of the thing or place, and knowledge of these qualities on the part of the owner or possessor. Wigmore on Evidence, 2d Ed., §§ 252 and 458.

The defendant does not challenge the rule, but urges that the conditions which prevailed at the time of the two accidents were not the same. It is pointed out that the plaintiff charged in her complaint that her accident was caused by a combination of circumstances, consisting of a faulty tread on one of the steps, a poor light and the absence of a central handrail on the stairs; and that she failed to show that Mrs. Pickard tripped on the same step, or that the conditions with respect to the lighting and the handrail were the same at the time of both accidents. An additional dissimilarity is shown, the defendant says, by evidence offered on behalf of the plaintiff that after the first accident the treads were from time to time repaired by the defendant.

■ These considerations are relevant to the discussion, but they do not, in our opinion, demonstrate the inadmissibility of the evidence. It is obvious, accepting the plaintiff's evidence as true, that a defective metal strip was the effective cause of both accidents; that a difference in lighting, if one existed, could have had little or no effect in disclosing a strip projecting above the surface of the step a distance slight in itself but yet sufficient to cause a person to trip; and that the absence of a central handrail had no part in the fall of the plaintiff who was descending with her hand on the right-hand banister of the stairway.

■ Nor was it material that the plaintiff failed to show that the same step was involved in both accidents. The decisions correctly uphold the admissibility of such evidence under varying circumstances, where it appears that the later accident was caused by a defect in a structure or place in close proximity to that which caused the former accident, and this conclusion is obviously sound when both defects are found in like parts of a structure that are liable to fall into a state of disrepair if neglected by the person responsible for their condition. Raper v. Wilmington & W. R. Co., 126 N.C. 563, 36 S.E. 115; Perry v. Kelford Bottling Co., 196 N.C. 175, 145 S.E. 14, on another appeal 196 N.C. 690, 146 S.E. 805; Kelly v. Raleigh Granite Co., 200 N.C. 326, 156 S.E. 517; Nelson v. Union R. Co., 26 R.I. 251, 58 A. 780; Faulk v. Iowa County, 103 Iowa 442, 72 N.W. 757; Hagerstown & F. R. Co. v. State, 139 Md. 507, 115 A. 783, 19 A.L.R. 797; Noyes v. Gardner, 147 Mass. 505, 508, 18 N.E. 423, 1 L.R.A. 354; and Wigmore, 2d Ed., cases cited Note 6, § 252.

■ The rule of evidence under discussion rests in part upon the inference that conditions of a continuing nature, once shown to exist, will persist. Wigmore on Evidence, 2d Ed., § 437. The metal stripped stairway in the defendant's store presented such a condition, for, as shown by both parties, the steps were likely to become a menace to customers of the store unless carefully inspected and kept in repair. The first accident revealed this situation and the second confirmed it. The defendant protests that after the first accident, if not before, the steps were carefully watched and repaired, and plaintiff's admission that repairs made on the steps from time to time thereafter is cited not only as supporting evidence of due care, but also to show that conditions in 1937 were not the same as in 1936. Ordinarily, evidence of prior accidents is inadmissible, if material changes have been made in the place or structure before the occurrence of the accident in suit. Etheridge v. R. Co., 206 N.C. 657, 175 S.E.

124; Gloucester Electric Co. v. Kankas, 1 Cir., 120 F. 490; Elgin v. Nofs, 96 Ill. App. 291; Armstrong v. Yakima Hotel Co., 75 Wash. 477, 135 P. 233; Asbury v. Fidelity Bank & Trust Co., 231 Mo.App. 437, 100 S.W.2d 946; 45 C.J. 1238, Note 83. Cf. Antel v. Poli, 100 Conn. 64, 123 A. 272; Moore v. American Stores Co., 169 Md. 541, 182 A. 436. Nevertheless, we think that the evidence in the pending case was pertinent. The changes in the steps consisted of repairs to metal strips precisely like the one which led to the plaintiff's fall. The necessity for these repairs tended to support the plaintiff's theory that the defendant was continuously maintaining a structure dangerous to the public unless it was properly cared for; and the evidence of the plaintiff, accepted by the jury as true, showed that the strips were not properly cared for but were allowed to remain on the steps in a dangerous condition.

The judge warned the jury, when the evidence of the former accident was received, that it was admitted merely to show the condition of the steps prior to the accident in suit, and also to show that the company had notice of the conditions which then prevailed. At the conclusion of the evidence the judge charged the jury, at the request of the defendant, that while the mere presence of metal strips on the steps did not entitle the plaintiff to recover, she could not recover at all if, at the time of the accident, there were no strips on the steps, since her whole case was based upon the theory that her fall was caused by a projecting strip. The jury were also told that it was incumbent upon the plaintiff to satisfy them by a preponderance of the evidence that the strips were worn and projecting in such a manner as to be likely to cause a careful person to fall, and that the defendant knew of this condition, or could have known of it by the exercise of ordinary care, but negligently permitted the dangerous condition to remain. We are of opinion that the evidence of the prior accident was properly received, and that the issue with regard to the presence of the defective metal strip upon the step was properly presented to the jury by the judge's charge.

Minor objections by the defendant to evidence admitted by the judge related to the apparent condition of the plaintiff's health before the accident, and to the apparent dangerous condition of the steps. These objections do not warrant discussion in this opinion, for it does not appear that the rulings were in error or that they resulted in any substantial prejudice to the defendant.

The decree of the District Court will be affirmed.